THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALTON RAYMOND SMITH, a/k/a ALTON RAY SMITH, a/k/a ALTON R. SMITH, Defendant-Appellant.

(No. 70-53;

Third District—November 18, 1970.

Kenneth Collinson, of Rock Island, for appellant.

Walter D. Braud, Assistant State's Attorney, of Rock Island, for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Defendant, Alton Smith, was found guilty of robbery by a jury and sentenced to a term of from five to fifteen years in the penitentiary in the Circuit Court of Rock Island County.

On the afternoon of August 21, 1969, Harvey Mead went to a tavern in Rock Island. Earlier in the day he had borrowed two hundred dollars from a credit union and at the time he went into the tavern he had nine twenty dollar bills and some other currency in his wallet. Mead took a seat at the bar next to the defendant, ordered a drink and struck up a conversation with defendant, a person with whom Mead was not previously acquainted. Mead paid for the drink with one of the twenty dollar bills and in so doing defendant could have seen that there was other currency in Mead's wallet.

A short time later Mead and defendant went to the rear of the tavern and played a game of pool. Before starting on a second game Mead excused himself to go to the restroom. As he was going through the restroom door he glanced behind him and saw defendant about three steps behind him also approaching the restroom. Just after entering the restroom, Mead's arm was seized, he was slugged across the face and became dazed or partly conscious. When Mead regained his facilities he saw Smith across the room taking some bills out of his (Mead's) wallet. The police were called and after Mead related the events, defendant Smith was arrested and searched. The police discovered eight twenty dollar bills in defendant's pocket together with other currency.

Defendant was charged with robbery and found guilty by the jury and it is from such judgment of conviction and sentence imposed pursuant thereto that defendant has appealed. Defendant argues first the trial court erred in refusing to give the full IPI-Criminal 3.02 Instruction in accord with the recommendation of the drafters of such instruction.

At the request of the State, IPI-Criminal 3.02 was given as follows, "Circumstantial evidence is the proof of facts or circumstances which give rise to a reasonable inference of other facts which tend to show the guilt or innocence of the defendant. Circumstantial evidence should be considered by you together with all the other evidence in the case in arriving at a verdict.". Defendant objected to the instruction because it did not include the supplemental statement recommended by the pattern instruction drafters. Defendant tendered an instruction which in addition to that part of 3.02 quoted before included the following, "You should not find the defendant guilty unless the facts and circumstances proved exclude

every resonable theory of innocence.". According to the drafters the instruction should be supplemented by including the additional material when the only evidence is circumstantial.

The only issue regarding such instruction raised by defendant in the trial court and on this appeal in his insistence that the only evidence was circumstantial. We do not agree with defendant.

■■ Defendant concedes that Mead testified that after recovering his senses he saw the defendant taking bills from his (Mead's) wallet and that this is direct evidence. Such testimony can not be ignored as defendant suggests ought to be the case merely because defendant was somewhat dazed at the time. Furthermore Mead testified that after his arm was grabbed he saw that it was the defendant Smith just before he was slugged. Such evidence was direct evidence. The discovery of the twenty dollar bills in defendant's pocket and the absence of other persons in the area did constitute circumstantial evidence. Such circumstantial evidence was not the sole evidence presented at the hearing. The introduction of some direct evidence tending to prove defendant's guilt distinguishes the case at bar from that of *People v. Suarez*, 96 Ill.App.2d 153, 237 N.E.2d 841.

■■ Defendant next argued that a photograph of Mead taken on the day following the incident involved was erroneously admitted by the trial court. The photograph showed Mead's face and its swollen condition resulting from the blows of the previous day. Such photograph cannot in our opinion be considered inflammatory and hence prejudicially erroneous as in *People v. Jackson*, 9 Ill.2d 484, 138 N.E.2d 528. Force was an essential element of the State's case and the photograph had a tendency to prove such element even though as the hearing developed whether force had or had not been used was not a contested issue. We believe the photograph was properly admitted as an exhibit. *People v. Murdock*, 39 Ill.2d 553, 237 N.E.2d 442.

This brings us to defendant's argument that the discovery and seizure of the eight twenty dollar bills was the result of an illegal search and seizure and such bills should not have been received as exhibits.

After the police officers arrived in the tavern and had heard Mead's story apparently some disturbance took place involving defendant Smith. As a consequence he was arrested by the officers for disturbing the peace and searched, according to the officers, to ascertain whether he had any weapons on him. The search included a search of defendant's pockets and the bills were discovered in his pocket. Defendant was then taken to the police station and charged with robbery.

Defendant admits that his arrest was lawful but argues that a search incident to a lawful arrest must be reasonable and a search of his pockets was not reasonable.

Par. 108–1, ch. 38, Ill. Rev. Stat. 1969, provides, "When a lawful arrest is effected a peace officer may reasonably search the person arrested and the area within such person's immediate presence for the purpose of: (a) Protecting the officer from attack; or (b) Preventing the person from escaping; or (c) Discovering the fruits of the crime; or (d) Discovering any instruments, articles or things which may have been used in the commission of, or which may constitue evidence of, an offense.".

■■ We believe that under the authority of the Statute the search was reasonable. *People v. McKnight*, 39 Ill.2d 577, N.E.2d 488, see *Chimmel v. Calif.*, 23 L.Ed.2d 685, 89 S.Ct. 2034 for an extended discussion of the subject. We are aware of no cases and no authority has been cited by defendant indicating that a search of the person for weapons by a police officer is limited to "patting down" or "frisking" the subject. Defendant concedes the legality of his arrest for disturbing the peace but it is equally clear that defendant was taken into custody because of his alleged robbery of Mead. In this respect a search is equally reasonable for the purpose of discovering the fruits of the alleged offense. We believe the search of the clothing on a person lawfully arrested or within his immediate control is reasonable and the bills were therefore not illegally seized.

The last assignment of error to be considered is defendant's contention that certain items of physical evidence should not have been admitted by the trial court because such items had not been produced for inspection.

Defendant was indicted on September 9, 1969. The Public Defender was appointed on September 15, 1969, the date of defendant's arraignment. Later defendant retained private counsel. Defendant's private counsel filed his appearance in the proceeding on September 25, 1969, the same date that the Public Defender filed pre-trial motions seeking dismissal of the count for aggravated battery, seeking production of any confessions and the production for inspection of physical evidence. On October 3, 1969, defendant's counsel moved for the suppression of evidence and for the production of a list of witnesses. On October 3 defendant's counsel was advised that the matters were set for hearing for October 14, 1969, but on October 7, 1969, he was notified that the hearings had been moved up to October 9, 1969. On that date the aggravated battery count was dismissed, the motion to suppress evidence was denied and an order for production of statements or confessions was entered. From the record it does not appear that defendant's motion for production of physical evidence was acted upon by the court or that any order respecting such motion was entered. It does appear that both parties considered that such an order had been entered.

The hearing commenced on October 14, 1969, eleven members of the jury being selected on that date with the selection of the jury being completed on the following day, October 15. On October 14, the first day

of the hearings, defendant was notified that the State had available for inspection photographs of complaining witness and currency including eight twenty dollar bills. On the following day defense counsel was notified that the prosecution had available for inspection a receipt signed by Mead evidencing Mead's receipt of $200.00 from a credit union. Objections to the admission of both the bills and receipt were made and overruled.

As observed earlier in this opinion it does not appear from the record that an order for the production and inspection of tangible evidence was entered by the court on October 9, 1969 when the court ruled on other motions. By notifying the defendant on October 14 and 15 of the availability of such evidence for inspection the State considered that it was under a duty to make such evidence available for inspection.

Undue haste no less than delay may result in injustice or unfair trial. From the record it is difficult to avoid the conclusion that an insufficient period of time elapsed between the disposition of pre-trial motions and the commencement of the hearing itself. Actions of either the court or the prosecution which impede the full effectiveness of the limited pre-trial procedures available to a defendant can not be approved. However we are disposed to hold that the failure to make such exhibits available earlier constitutes harmess error since the defendant has failed to show in what respect the introduction of such exhibits was prejudicial to him. So far as the bills are concerned defendant knew that the bills had been taken from him and he therefore could not have been surprised by their introduction. The receipt for $200.00 was cumulative to Mead's testimony and related to a matter not of any particular dispute. In so holding we can not avoid the precautionary admonition that the case may well arise where such problems will result in the requirement of a new trial.

For the foregoing reasons judgment of the Circuit Court of Rock Island County is affirmed.

Judgment affirmed.

RYAN, P. J., and ALLOY, J., concur.