THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* REGINALD WILLIAMS, Defendant-Appellant.

(Nos. 55029, 55154 cons.;

First District—March 23, 1971.

Leo E. Holt and Maria A. Elden, both of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, for the People.

Mr. JUSTICE McCORMICK delivered the opinion of the court:

On March 1, 1970, the defendant, Reginald Williams, and Kenneth Whitted were charged with knowingly carrying two revolvers concealed

in a vehicle, in violation of Ill. Rev. Stat. 1969, ch. 38, par. 24—1 (a) (4), and with possession of two revolvers without possessing a firearm owner's identification card, in violation of Ill. Rev. Stat. 1969, ch. 38, par. 83—2 (a).

On April 2, 1970, the defendant and Whitted appeared in the Circuit Court to stand trial. On advice of counsel, defendant waived his right to trial by jury and submitted the cause to the court on a plea of not guilty. After hearing all the evidence the court found defendant guilty of both offenses, and sentenced him to serve nine months in the House of Correction for the conviction of carrying two revolvers concealed in a vehicle. For the offense of having possession of two revolvers without also possessing a firearm owner's identification card, defendant was sentenced to serve 30 days at the Illinois State Farm at Vandalia [considered served]. Whitted pleaded guilty to the charge of carrying concealed weapons, and the State moved to *nolle* the second charge.

At the trial the only witnesses to testify were Officers Ragula and Witos, of the Cook County Sheriff's Police. The record indicates that on March 1, 1970, at about 4:20 A.M., defendant was a passenger in a vehicle being driven by Whitted. Officer Ragula testified that he and Officer Witos were driving a marked squad car at 151st Street and Dixie Highway when they stopped the vehicle driven by Whited because of an "especially loud roar" coming from the exhaust. Whitted left the car and walked toward the officers; Officer Witos left the squad car and asked to see Whitted's driver's license. At the same time, Officer Ragula walked to the vehicle to close the door which had been left open by Whitted, and taking a "quick glance" into the car he saw the butt of a revolver under the driver's seat, which later proved to be a .32 caliber Smith and Wesson. He saw the defendant sitting on the passenger side of the front seat, with a young woman sitting next to him. Officer Ragula ordered the two out of the car and searched it, discovering a second revolver under the passenger's seat. This weapon was identified as a .38 caliber Rossi.

When Officer Ragula questioned the defendant and Whitted about the guns they both denied knowing anything about them, since the car in which they were found belonged to someone else; and neither of the two men possessed a firearm owner's identification card.

In addition to the revolvers, three .32 caliber cartridges were found lodged between the passenger's side of the front seat and the floor, and in a search at the police station five .38 caliber cartridges were found on Whitted's person.

In prosecuting this appeal defendant has urged that the State failed to prove he had knowledge of the presence of the weapons, and contends

that the conviction was based solely on his proximity to them. We disagree with this contention. At the trial there was ample circumstantial evidence presented to warrant the court's inference of defendant's knowledge. The State introduced uncontroverted evidence that the arresting officers found a .38 caliber Rossi under the passenger's seat, and a .32 caliber Smith and Wesson under the driver's seat of the automobile. The State further proved that the cartridges fitting the Smith and Wesson were found under the seat defendant had occupied, and that cartridges fitting the Rossi were found on Whitted's person. If the revolver could be seen in a quick glance by the officer, standing outside, the trial judge could certainly infer that the defendant, a passenger in the car, was aware of its presence, as well as that of the second gun.

In *People v. McKnight*, 39 Ill.2d 577, the court had the problem of determining whether the defendant had knowledge of the presence of weapons, and said at page 581: "While it is unnecessary to prove defendant's ownership, we agree that knowledge that the gun was in the car is essential to establish a crime. [Citing case.] However, scienter may and must often be proved by circumstantial evidence."

██ It is our opinion that in the instant case the defendant was not convicted, as he contends, on the basis of his proximity to the weapons, but because of the reasonable inference of knowledge the court could draw from all of the uncontroverted circumstantial evidence presented at the trial.

Defendant's second contention, that his convictions must be reversed since the revolver found under the driver's seat was not immediately accessible or readily available to him, is based upon the proposition that he would have had to change his position considerably if he wanted to take the gun from under the driver's seat. Even if this argument were correct, it would not of itself preclude the court's finding him criminally liable.

Section 5—1 of the Criminal Code [Ill. Rev. Stat. 1961, ch. 38, par. 5—1] provides: "A person is responsible for conduct which is an element of an offense if the conduct is either that of the person himself, or that of another and he is legally accountable for such conduct as provided in Section 5—2 or both."

Section 5—2 (c) provides, in pertinent part, that a person is legally accountable for the conduct of another when "Either before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense."

The Supreme Court of Illinois construed the above statute in *People v.*

*Washington,* 26 Ill.2d 207. In dealing with the question of what constitutes aiding and abetting, the court said at page 209:

> "While it is true that mere presence or negative acquiescence is not enough to constitute a person a principal, one may aid and abet without actively participating in the overt act and if the proof shows that a person was present at the commission of the crime without disapproving or opposing it, it is competent for the trier of fact to consider this conduct in connection with other circumstances and thereby reach a conclusion that such person assented to the commission of the crime, lent to it his countenance and approval and was thereby aiding and abetting the crime. (*People v. Torres,* 19 Ill.2d 497; *People v. Thicksten,* 14 Ill.2d 132; *People v. Cione,* 293 Ill. 321.) Stated differently, circumstances may show there is a common design to do an unlawful act to which all assent, and whatever is done in furtherance of the design is the act of all, making each person guilty of the crime. *People v. Rybka,* 16 Ill.2d 394; *People v. Marx,* 291 Ill. 40."

■■ In the case before us there were other circumstances which support the conclusion that defendant was guilty with respect to both revolvers. It was brought out at the trial that the cartridges discovered under the passenger's seat were of the same caliber as the revolver found under the driver's seat. Viewing this fact, together with the presence of the Rossi under the passenger's seat, the Smith and Wesson under the driver's seat, and the fact that the two men were riding together in the automobile, we are faced with inference of the existence of a common scheme with defendant's approval and assent.

On the evidence presented, the trial court was warranted in finding defendant guilty of both charged offenses. The judgment of the Circuit Court is affirmed.

Judgment affirmed.

LEIGHTON, P. J., and STAMOS, J., concur.