THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WESLEY ALLEN WILKEY, Defendant-Appellant.

(Nos. 71-24, 71-58 cons.;

Third District—May 31, 1972.

James Geis, of Defender Project, of Ottawa, for appellant.

Daniel W. Gould, Assistant State's Attorney, of Kankakee, for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant Wesley Allen Wilkey was found guilty of Burglary on October 3, 1969, and was placed on probation for a period of three years. As a condition of probation, defendant was ordered not to violate any penal statute or ordinance and was further ordered not to associate with John Francis Puckett (who was named by him as his confederate in the burglary) unless another family member was present. On June 22, 1970, defendant pleaded guilty to an information charging him with Conspiracy to Commit Armed Robbery. One of his co-conspirators named by him was John Francis Puckett. The probation of defendant Wilkey was revoked and he was sentenced to terms of not less than four (4) nor more than five (5) years on both charges with sentences to run concurrently on the two convictions.

■■ On appeal in this Court, the sole issue raised by defendant was that the sentences imposed were excessive and contrary to the concept of indeterminate sentencing. In support of such contention, defendant refers to the American Bar Association Project on Minimum Standards for Criminal Justice in which standards relating to sentencing alternatives and procedures were contained. One recommendation was that the minimum sentence, ideally, should not exceed one-third of the maximum sentence actually imposed. This Court has indicated that while we recognize that the American Bar Association standards in sentencing referred to, are valuable as general guiding principles, such standards are not

binding upon the courts of this State, and, in many cases, are not feasible or applicable because of the nature of the proceedings.

It appears from the record that in this cause the sentences of not less than four (4) nor more than five (5) years resulted from plea bargaining acquiesced in and agreed to by defendant, and that defendant got exactly the sentences that he agreed upon as a result of such plea bargaining. There was no indication by defendant or his counsel at the time of sentencing that defendant or his counsel was dissatisfied with the sentences actually imposed. It appears, on the contrary, that the sentences were precisely the sentences desired by defendant in disposing of the Burglary and the Conspiracy to Commit Robbery charges. Defendant expressly declared he was guilty of both charges. There were two distinct convictions involved arising from separate incidents, one in 1969, and the other in 1970.

It is possible that defendant and his counsel sought to avoid the imposition of separate sentences which might be served consecutively on both the Burglary and the Conspiracy to Commit Robbery charges. Apparently defendant also wanted a low maximum term rather than a sentence which might fix a substantial maximum. The record shows that defendant knowingly agreed to the sentence as imposed and was credited with 151 days of good conduct imprisonment to apply to both sentences as agreed.

■■ As we have indicated, this Court is not bound by the American Bar Association recommendations but does recognize that such recommendations may serve as a guide in sentencing in appropriate cases. We have acted to modify sentences where the record so required. (*People v. Turner*, 129 Ill.App.2d 124, 262 N.E.2d 379.) As we have said, however, in *People v. Shaw*, 3 Ill.App.3d 1096, 279 N.E.2d 729, a court of review should not intervene to modify a sentence unless the record clearly indicates that such modification is required by the record. We find nothing in the record in this case which we feel would justify a modification of such sentence. Since defendant was sentenced to a term which was the result of plea bargaining, and such sentence does not appear to be excessive or improper, or violative of the principle of indeterminacy, on the basis of the record before us, we conclude that the sentences should not be modified.

The judgment of the Circuit Court of Kankakee County will, therefore, be affirmed.

Judgment affirmed.

SCOTT and DIXON, JJ., concur.