THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ELIJAH BELL *et al.*, Defendants-Appellants.

(No. 71-83;

Third District—October 12, 1972.

John L. Barton, of Defender Project, of Ottawa, for appellants.

Edward P. Drolet, State's Attorney, of Kankakee, for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

The defendants were both charged with possessing a sawed-off shotgun in violation of Ill. Rev. Stat. 1969, ch. 38, sec. 24—1(a)(7), and carrying a revolver concealed in an automobile in violation of Ill. Rev. Stat. 1969, ch. 38, sec. 24—1(a)(4). A jury found both defendants guilty of both counts. Elijah Bell was given a sentence of three to four years, and Johnny Williams was given a sentence of four to five years.

On this appeal the defendants contend that the evidence failed to prove they possessed the guns; that they were denied a fair trial when the State introduced evidence of other crimes; that both paragraphs of the instruction on circumstantial evidence, I.P.I. Criminal 3.02, should have been given; and that the sentences violated the requirement of indeterminacy.

At their trial, James Knowles, Jr., of Chicago Heights, testified that about 1:30 A.M. on June 19, 1970, he was walking along a street in Kankakee when a car came to a halt 12 or 15 feet from him. Elijah Bell called his name twice, got out of the car, and fired two shots at him from a chrome-plated .38 caliber pistol. As Knowles fled he heard a third shot which sounded like a shotgun shot. He next saw Johnny Williams chasing him, carrying a sawed-off shotgun. Knowles testified positively as to this, although it was brought out that he had previously given a statement in which he said he couldn't see whether Williams had a weapon. At this point in the chase some lights went on, Bell and Williams left, police arrived, and Knowles described the defendants' car to them.

At about 2:30 A.M. on June 19, a squad car stopped a vehicle like that which Knowles had described, just after one of the occupants was seen to slouch down in the rear seat. The defendants were passengers in the halted car, which was being driven by a friend of theirs. Johnny Williams was on the passenger side in the front, and Elijah Bell was behind him on the right side in the back. The occupants were ordered out and the car was searched. The police found a loaded sawed-off shotgun with a ten-inch barrel and a .38 caliber pistol beneath the front seat on the passenger side, the barrel of the shotgun being visible from the rear. The odor of gunpowder was detected on the shotgun, although not on the pistol. Williams, Bell, and the driver all denied at the trial that they had ever seen the guns before the police discovered them in the car, which belonged to the driver's mother.

■■ We believe the evidence was adequate to support the verdict. The guns were sufficiently accessible, being within easy reach of both defendants, to be considered in the possession of both of them, and there was ample circumstantial evidence to prove that they had knowledge of the presence of the guns. *People v. McKnight*, 39 Ill.2d 577; *People v. Williams*, 132 Ill.App.2d 806, 270 N.E.2d 144.

■■ Furthermore, we believe it is well established that evidence of other crimes is admissible if it shows design, motive, or knowledge. *People v. Armstrong*, 41 Ill.2d 390; *People v. Cole*, 29 Ill.2d 501.

■■ We believe it is established, also, that where there is direct as well as circumstantial evidence, as in this case, the second paragraph of I.P.I. Criminal 3.02 need not be given. *People v. Springs*, 2 Ill.App.3d 817; *People v. Smith*, 131 Ill.App.2d 794, 264 N.E.2d 232; *People v. Christiansen*, 118 Ill.App.2d 51.

■■ This court has held that sentences with a one-year spread between minimum and maximum were not improper and did not violate the principal of indeterminacy. (*People v. Wilkey*, 5 Ill.App.3d 535, 283 N.E.2d 691; *People v. Shaw*, 3 Ill.App.3d 1096.) In imposing a sentence

the trial court has an obligation to the public as well as the person found guilty, and must give consideration to the nature of the offense, the attending circumstances, the need for protection of the public, the offender's potential for rehabilitation, and all other pertinent matters. (*People v. Jackson*, 3 Ill.App.3d 574.) The trial court is normally given wide latitude in sentencing, and this court's power to modify the trial court's sentences is exercised with caution. (*People v. Short*, 4 Ill.App.3d 832.) We believe the sentences given in this case were reasonable and proper and should not be modified.

The judgment of the Circuit Court of Kankakee County is therefore affirmed.

Judgment affirmed.

STOUDER, P. J., and ALLOY, J., concur.