THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARK W. HIPP, Defendant-Appellant.

(No. 72-46; ▨)

Third District—November 16, 1972.

Bruce Stratton, of Defender Project, of Ottawa, for appellant.

Edward P. Drolet, State's Attorney, of Kankakee, for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant Mark W. Hipp was convicted, in the Circuit Court of Kankakee County, of Unlawful Use of Weapons in a jury trial and was sentenced to a term of not less than four years nor more than five years in the Illinois State Penitentiary. The only question raised on appeal is whether a four to five year sentence for Unlawful Use of Weapons is contrary to the principles of indeterminate sentencing or is excessive based on the facts and circumstances of the case.

The record in this case shows that defendant was first observed by an officer when defendant was committing a traffic offense. The uniformed Kankakee police officer attempted to approach defendant's automobile but defendant turned the car around and speeded off. The automobile was later observed by a police officer of the village of Bradley and a high-speed chase followed. Defendant's car was wrecked at the end of such chase. As the Bradley police officer, holding his service pistol in his hand, approached defendant in defendant's wrecked automobile, he saw that defendant was beginning to pull a shotgun out of a bag. When defendant was ordered by the officer not to pull the weapon, the defendant dropped it. A search of the vehicle revealed a sawed-off shotgun laying on top

of a black leather bag in the seat next to the driver. The shotgun was loaded, was closed and was cocked.

The record also shows that while the hearing on probation and in aggravation and mitigation was pending, defendant escaped from the Kankakee County Jail. He did so by threatening to kill the jailers at gunpoint and by forcing the jailers into a cell block. At the hearing in aggravation and mitigation, the nature and attending circumstances of the crime for which defendant was convicted, as well as his escape from the county jail, were considered by the court. Defendant did not present any evidence of mitigating circumstances.

■■ The sentence of not less than four nor more than five years which was imposed on defendant has been approved as being consistent with the principle of indeterminate sentencing under the law in this State. (*People v. Shaw*, 3 Ill.App.3d 1096, 1101; *People v. Reid*, 396 Ill. 592, 593; *People v. Wilkey*, 5 Ill.App.3d 535, 537.) We recognize that the sentence with only a one-year spread between the minimum and maximum is not consistent with American Bar Association recommendations for a one to three ratio between minimum and maximum sentences. We have previously indicated that the American Bar Association recommendation was a guide and not a mandatory requirement for imposition of sentence in Illinois. (*People v. Hulvey*, 3 Ill.App.3d 617, 620.) We also recognize that under the new Code of Corrections which will be in force in Illinois during this coming year, standards of the type recommended by the American Bar Association will be followed in sentencing.

■■ We do not believe, however, that the circumstances of this case justify this court in modifying the sentence imposed on defendant. The conduct of defendant in the commission of the act of Unlawful Use of Weapons, as well as his subsequent conduct in the escape from the county jail at gunpoint is such as to impress upon this court that modification of the sentence by us as a court of review should not be undertaken unless circumstances clearly justify such modification. On the record in the case before us we do not believe that we would be justified in modifying the sentence of the trial court.

For the reasons stated, the judgment of the Circuit Court of Kankakee County is affirmed.

Judgment affirmed.

SCOTT and DIXON, JJ., concur.