The People of the State of Illinois, Plaintiff-Appellee, *v.* William S. Miller, Defendant-Appellant.

(No. 58609;

First District (4th Division)—April 10, 1974.

James J. Doherty, Public Defender, of Chicago (Leonard V. Solomon, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Mary Ellen Dienes, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

In a jury trial in the Circuit Court of Cook County the defendant, William Miller, was found guilty of arson, and the court sentenced him to a term of 5 to 12 years in the Illinois State Penitentiary.

The issues for review are whether the admission into evidence of shirt remnants and other material taken from the Cook County Hospital Burn Unit without a warrant was improper and plain error; whether the court erred in failing to suppress inculpatory statements made by the defendant under the influence of depressant drugs; whether the court erred in refusing to give the defendant's instruction based on his contention that all evidence was circumstantial; and whether the sentence imposed exceeded the minimum term under the Illinois Unified Code of Corrections.

At about 4:30 in the morning on July 1, 1971, an explosion and fire occurred at the Beefy 19 restaurant at 5241 North Western Avenue, in Chicago, Illinois. Webb Threet of the Bomb and Arson Detail of the Chicago Police Department testified that the conditions at the scene indicated the interior of the premises was saturated with gasoline and ignited by either a spark or by someone striking a match. Police found a gasoline can inside the premises, another outside, a burned pair of trousers with what appeared to be flesh clinging to the interior, and a burned and ragged piece of multi-colored cloth.

Mrs. Frances Codd, who lives about 14 blocks from the scene of the fire, testified that at about 5:15 on the morning of the fire she had just returned from driving her husband to work when a man approached her wearing only undershorts and cuffs from a multi-colored shirt. He said his stove exploded and asked her to take him to his home. He appeared to be in pain, and when she offered to call the police to give him first aid, the man ran away. She identified the defendant as the man she saw in front of her house.

At about 5:30 A.M. on July 1, the defendant walked into the emergency room of the Skokie Valley Community Hospital in Skokie, Illinois, in a severely burned condition and was taken by helicopter to the burn center at the Cook County Hospital.

Officer Ciolli of the Chicago Police Department went to the burn unit and saw the shorts and shirt parts being removed from the defendant. He told a nurse that the articles were evidence, and she placed them in a plastic container and gave them to Officer Ciolli.

On July 6, the defendant talked to Officer John Bickler after being advised of his constitutional rights. The defendant stated he received his burns while walking down Clark Street, south of Lunt, but he didn't know how he got them. He stated further he had worked at the Beefy 19 for three days and had gone past it on the night before the fire but did not stop. He also said he lived at 7016 Ridge Avenue.

Officer Henry Danker testified he searched the area near the Beefy 19 and located a vehicle parked about 30 or 40 yards from the burned building. The license plate was listed in the name of Bill Miller of 7016 N. Ridge, Chicago, Illinois.

Mary Ann Mohan, a Chicago Police Crime Laboratory microanalyst, testified the shirt cuff from the defendant's wrist was similar in color, patterning, weave, and fabric content to the remains of the shirt found behind the restaurant after the fire.

■■ The defendant first contends the court erred in modifying the order of August 17, 1972, suppressing the clothing remnants taken at the Burn Unit of Cook County Hospital. Originally, the court had suppressed the evidence, but the next day the court modified its order to exclude the evidence taken at the Burn Unit. The reason given was that there was probable cause to believe the defendant had committed a crime, that there were exigent circumstances in that if the police officer did not take the items when he did, in all likelihood they would have been destroyed. The defendant argues the reasons given by the court are unsubstantiated by the record and the seizure of remnants of his clothing without a warrant is exactly the same situation as existed in the case of *Coolidge v. New Hampshire*, 403 U.S. 443. In *Coolidge*, the court stated:

> "The police had ample opportunity to obtain a valid warrant; they knew the automobile's exact description and location well in advance; they intended to seize it when they came upon Coolidge's property. And this is not a case involving contraband or stolen goods or objects dangerous in themselves." (403 U.S. at 472.)

In the instant case the seizure of the remnant did not present the same opportunity for obtaining a warrant. Officer Ciolli testified as follows:

> "I said, I told her, I said, 'You are not going to throw that away.' I said, 'That is evidence,' and I told her I was a police officer. She put it in a plastic bag and then she waved me back not to interfere with what was going on."

Officer Ciolli could not take the chance the remnants would be destroyed while he obtained a search warrant. See *Schmerber v. California,* 384 U.S. 757.

■■ Secondly, the defendant argues the court erred in refusing to suppress statements made to Officer Bickler while he was in the hospital under the influence of depressant drugs. Dr. Ravin Thatte testified he was at Cook County Hospital when the defendant was admitted and defendant was very seriously burned. He appeared to be incoherent and hostile. He stated that from July 6 to July 9 the defendant was on intermittent analgesic sedation, but he was unable to state objectively what his condition was at the time he talked to Officer Bickler. The defendant contended on his motion to suppress that he had no recall of having talked to Officer Bickler or anything else which happened during his first 30 to 35 days in the hospital. In denying the motion the trial judge relied on the case of *People v. Pote* (1972), 5 Ill.App.3d 856:

> "When the statement is clear and lucid and witnesses testify that at the time defendant was alert and able to give a rational statement, prior medical treatment with drugs will not render the statement inadmissible." (5 Ill.App.3d at 859-860.)

Officer Bickler testified he and the defendant had a normal conversation. The defendant's answers were rational and his conversation was lucid. Despite the testimony regarding the type of drugs he was taking, there was no evidence the defendant did not understand what was happening.

Thirdly, the defendant contends the court erred in not giving Illinois Pattern Jury Instruction No. 3.02 in its entirety. The State offered only the first paragraph, which reads as follows:

> "Circumstantial evidence is the proof of facts or circumstances which give rise to a reasonable inference of other facts which tend to show the guilt or innocence of the defendant. Circumstantial evidence should be considered by you together with all the other evidence in the case in arriving at your verdict."

The court refused the second paragraph of the instruction which was tendered by the defendant:

> "You should not find the defendant guilty unless the facts and circumstances proved exclude every reasonable theory of innocence."

The court refused to give the second paragraph after having found that both direct and circumstantial evidence was presented to the jury.

■■ The second paragraph of Illinois Pattern Jury Instruction No. 3.02 need not be given where there is both circumstantial and direct evidence. (*People v. Bell* (1972), 7 Ill.App.3d 625; *People v. Springs* (1972), 2 Ill.App.3d 817.) After reviewing the record we find there was

direct as well as circumstantial evidence presented to the jury, and the court was correct in exercising its discretion and refusing the second paragraph of the instruction. Among the examples of direct evidence are the testimony regarding the existence of arson, the testimony regarding the burned condition of the defendant near the scene of the fire, and the presence of his car near the scene of the fire.

■■ The defendant's final contention is that his sentence of 5 to 12 years is excessive. Under the case of *People v. Harvey* (1973), 53 Ill.2d 585, a defendant may avail himself of the provisions of the Unified Code of Corrections which mitigate his minimum sentence, if his direct appeal has not been finally adjudicated as of the effective date of the Unified Code of Corrections. The offense of arson is now characterized as a Class 2 felony (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 20—1), which provides for a minimum sentence one-third of the maximum term set (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1(c)(3)). Therefore, the minimum term of 5 years must be reduced to 4 years.

For these reasons the judgment of the Circuit Court of Cook County is affirmed in part and modified in part.

Affirmed in part and modified in part.

BURMAN and JOHNSON, JJ., concur.