THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JASPER MARBLEY, a/k/a Recko Carter, Defendant-Appellant.

(No. 59422;

First District (4th Division)—November 26, 1975.

Arthur L. Newell, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Marcia B. Orr, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

Defendant, Jasper Marbley, was charged in a three count indictment with the offenses of armed robbery, unlawful use of weapons, and unlawful use of weapons within five years of his release from a penitentiary. During the pendency of the cause, defendant moved to sever the unlawful use of weapons counts from the armed robbery charge, and his motion was denied. Thereafter, the cause proceeded to trial and the jury returned a guilty verdict on each count. Defendant was sentenced to serve from four to twelve years for the armed robbery and from one to three years for unlawful use of weapons, the sentences to run concurrently.

On appeal defendant contends that (1) the court erred in refusing to sever the armed robbery count from the unlawful use of weapons counts since the offenses were unrelated and since Count III improperly informed the jury of his prior criminal conviction, and (2) he was not proven guilty beyond a reasonable doubt.

The only evidence produced at trial was that presented by the State. Briefly, the evidence reveals that on August 2, 1972, William Regan was working as a gas station attendant at the Majestic Oil Company located

at 3181 North Milwaukee Avenue in Chicago. He testified that at about 3:30 a.m. a man came to the station door and inquired whether he had any cold drinks. Regan pointed to the coke machine and stepped outside. After Regan had walked four or five feet, the man said, "Give me your money." Regan was facing him at the time and noticed that he had a gun in his hand. Regan then reached into his pocket and gave all his money to the robber who immediately fled with two waiting companions through an adjoining car lot. Regan testified that the money consisted of one 20 dollar bill and 20 to 25 one dollar bills. He stated that the incident took about a minute and a half.

After he lost sight of the men, Regan phoned the police who arrived within a few minutes. He related the incident and told them that the man was black and wore dark clothing, perhaps brown in color. About one hour later he received a call from the Town Hall Police Station requesting that he report there. Regan went to the station where he viewed a lineup of five men and identified the defendant as the robber. This occurred an hour and a half after the incident. Regan also identified the defendant at trial.

Officer Richard Holmes testified that at approximately 3:40 a.m. on the day in question, he was driving his squad car. He received a flash message that two armed robberies at service stations had just occurred in his district. One took place at 3181 North Milwaukee Avenue and the other at 3159 West Addison Street. The message related that one of the robberies involved two male Negroes, one wearing an orange shirt and one a levi jacket, who possibly fled in a dark automobile. The other incident involved a black male wearing dark clothing. Shortly after receiving the message, Officer Holmes stopped a black Cadillac driven by a black male wearing an orange shirt. The car contained five black male occupants including the defendant who was wearing a darkish blue levi jacket. All of the occupants were arrested. A search of defendant's person revealed that he was carrying one 20 dollar bill and 21 one dollar bills. The automobile was searched at the station, and a loaded gun was found in the middle of the back seat up behind the rear cushion. Defendant had been riding in the back seat.

Defendant first contends that the court erred in refusing to sever Count I, charging armed robbery, from Counts II and III, charging respectively unlawful use of weapons and unlawful use of weapons within five years of being released from the penitentiary. In support of his argument, defendant cites section 114—8 of the Illinois Code of Criminal Procedure which states, "If it appears that a defendant * * * is prejudiced * * * by joinder of separate charges * * * the court may order separate trials * * * or provide any other relief as

justice may require." (Ill. Rev. Stat. 1971, ch. 38, par. 114—8.) The crux of defendant's argument is that Count III necessarily would inform the jury of his prior conviction which would substantially prejudice him on the armed robbery charge.

The propriety of the joinder of separate offenses in separate counts of a single indictment is controlled by section 111—4(a) of the Code of Criminal Procedure. That section provides:

> "(a) Two or more offenses may be charged in the same indictment, information or complaint in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are based on the same act or on 2 or more acts which are part of the same comprehensive transaction." (Ill. Rev. Stat. 1971, ch. 38, par. 111—4(a).)

From the outset we must emphasize that the matter of severances is properly addressed to the sound discretion of the trial court, and unless that discretion has been abused, this court will not disturb its determination. *People v. Tabet*, 402 Ill. 93, 83 N.E.2d 329, *cert. denied*, 336 U.S. 970, 93 L.Ed. 1121, 69 S.Ct. 1506.

The evidence reveals that approximately 15 minutes after defendant had committed an armed robbery, he was found riding in the rear seat of an automobile near a loaded gun concealed behind the back cushion. Subsequently, that same gun was identified as being similar to the one used in the robbery. Thus, defendant was indicted for armed robbery and two counts of unlawful use of that same related gun.

■■ Upon review of the record we cannot say that defendant was unduly prejudiced by the joinder of Count III which informed the jury of his prior conviction. It is our judgment that all counts against defendant arose out of the same comprehensive transaction, and that therefore, the denial of a severance was within the court's proper exercise of discretion.

In *People v. Mowen*, 109 Ill.App.2d 62, 248 N.E.2d 685, *cert. denied*, 397 U.S. 908, 25 L.Ed.2d 89, 90 S.Ct. 905, the defendant had struck and killed two pedestrians with his car. He was indicted for involuntary manslaughter, driving under the influence of liquor, and failure to exercise due care for a pedestrian. That same indictment also charged the defendant with driving without a license, unlawful use of a license, and leaving the scene of an accident. On appeal the defendant contended that the latter charges were unrelated to the prior counts and were joined solely to inflame the jury. The court rejected this argument and stated that the fact he was driving with a spurious driver's license and did not have one of his own was an integral part of the entire transaction. Thus, the court held that since all counts arose out of the same

comprehensive transaction, the joinder was proper and did not constitute an abuse of discretion. In the instant case we find the arguments in favor of joinder even more compelling than in *Mowen*. There, the State could have proven the charge of driving without a license independently of the other charges. The same cannot be said here. The armed robbery involved the same weapon as the unlawful use of weapons counts, and a severance of the charges necessarily would result in a duplication of evidence.

Defendant relies on *People v. Klemick*, 311 Ill.App. 508, 36 N.E.2d 846, for the proposition that compelling a defendant to go to trial on both an indictment and an information which charged a prior offense, violated defendant's right to a fair and impartial trial on the indictment. There the defendant was indicted for the offense of keeping a common gaming house. Subsequently, the State's Attorney filed an information charging the offense of keeping a common gaming house and an amended information also charging a prior conviction. The indictment and amended information were consolidated over the objection of the defendant. The court held that it was proper to consolidate the indictment and original information since they both charged a violation of the same statute, covered offenses of the same grade, and subjected the offender to the same punishment. However, the court further held that it was error to consolidate the amended information charging a prior offense because such action immediately subjected the defendant to a more severe punishment on conviction than could have been imposed under the indictment. This case, as well as others cited by defendant, are distinguishable on the facts.

Defendant next asserts that the identification evidence at trial was so vague as to leave a reasonable doubt of his guilt. Defendant bases this contention on alleged discrepancies between the complainant's description of the robber and the defendant's actual appearance at the time he was arrested. At trial complainant testified that the robber wore dark clothing, perhaps brown in color. He further stated that the robber had on a short jacket. He did not notice whether the man had any facial hair. Defendant emphasizes that at the time of his arrest he was wearing a faded blue levi jacket, white shirt, and boldly striped pants. He also had a moustache. Thus, defendant argues that the complainant's competence is in doubt as to his identification of both the robber and the robber's clothing. We disagree.

■■ During the entire course of the incident, the complaining witness had a close range, face to face confrontation with the robber. Less than two hours later he viewed a lineup of five men and identified defendant as the robber. The witness also identified defendant in open court. The

law is clear that where identification is positive, precise accuracy in describing facial characteristics is unnecessary. Thus, it has been held that the failure to detect the presence or absence of a moustache is a minor discrepancy and does not destroy the credibility of a witness. (*People v. Carroll*, 12 Ill.App.3d 869, 299 N.E.2d 134.) The same holds true for discrepancies in attire. Accordingly, we hold that the identification evidence was sufficient to support defendant's conviction.

Lastly, defendant contends there was a total absence of evidence establishing his possession of a weapon since the State failed to demonstrate either defendant's knowledge of or accessibility to the gun. He argues that the evidence shows only that he was one of five occupants of a vehicle in which a gun was found. We read the record differently. ■■ The evidence reveals that the police stopped a vehicle shortly after receiving a radio message that an armed robbery had just taken place. Five men, including the defendant, got out. Subsequently, the police searched the vehicle and discovered a loaded gun concealed behind the back cushion of the rear seat. Officer Heenan testified that at the time of the arrest, defendant had been seated on the rear seat along with two other men. He further testified that it took only five seconds to remove the gun once its presence was known. We reject defendant's argument that he was seated in a position in which he could not possibly reach the gun. The evidence shows only that he was seated in the back of the car near the weapon, and the jury could find from the evidence that the gun was easily accessible to him. Likewise, we reject defendant's contention that his knowledge of the presence of the weapon was not proven. It is well established that such knowledge may be inferred from the circumstantial evidence presented at trial. (*People v. Barksdale*, 14 Ill.App.3d 415, 302 N.E.2d 718; *People v. Williams*, 132 Ill.App.2d 806, 270 N.E.2d 144.) The jury knew that the complainant had been robbed at gunpoint only minutes before defendant was arrested. The complainant further identified defendant as his robber. These and other facts provide an ample basis from which the jury could draw the reasonable inference that defendant had knowledge of the presence of the gun.

Accordingly, for the reasons stated, the judgment is affirmed.

Affirmed.

DIERINGER, P. J., and JOHNSON, J., concur.