**People of the State of Illinois, Defendant in Error, v. Farlane Bedford, Plaintiff in Error.**

**Gen. No. 51,231.**

First District, Fourth Division.

December 16, 1966.

McCoy, Ming & Black of Chicago (Ellis E. Reid, of counsel), for plaintiff in error.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and William J. Nellis, Assistant State's Attorneys, of counsel), for defendant in error.

MR. JUSTICE ENGLISH delivered the opinion of the court.

OFFENSE CHARGED IN THE INDICTMENT

Unlawful possession of narcotic drugs.

JUDGMENT

After a jury verdict finding defendant guilty, the court imposed a sentence of 10 to 20 years. Defendant sued out a writ of error in the Supreme Court and the cause was transferred to this court.

CONTENTIONS ON APPEAL

(1) Defendant was not proven guilty beyond a reasonable doubt because the prosecution failed to establish

that he had either actual or constructive possession of the narcotics in question.

(2) Defendant did not receive a fair trial.

EVIDENCE

Upon information supplied by a narcotics addict-informer (George Lemon, defendant's brother-in-law who was deceased at the time of trial), the police obtained a search warrant and, on January 12, 1961, raided a third-floor apartment at 8118 South Ellis Avenue in search of narcotics. There they found defendant's wife, Barbara Bedford, and their child. During a search of the apartment the officers discovered an envelope concealed in the rear of the television set. It bore the name "Barbara" and contained narcotics. In a cigar box on a night stand next to Barbara Bedford's bed were found various bills and receipts in the name of defendant (some of which were almost a year old), some bearing the name of Farlane and Barbara Bedford, and some in the name of Barbara Bedford alone. None of defendant's clothes nor any other indicia of his residence at that address were found. Defendant was arrested approximately one week later in the corridor of the Criminal Court Building and interrogated by Officer Stribling. According to Officer Stribling's testimony, defendant admitted living at 8118 South Ellis Avenue, admitted that he knew "the stuff was there," and stated that "I guess I am stuck with it [referring to narcotics]." Robert Smith, an officer with the narcotics unit, testified that he had talked with the defendant on December 28, 1960, at which time defendant had stated that he lived at the Ellis Avenue address.

At the trial defendant testified that in January of 1961 he lived at 6002 South Princeton Avenue. He denied (1) renting the apartment on Ellis Avenue, (2) ever residing in or having a key to the Ellis Avenue apartment, (3) any knowledge of the narcotics in ques-

310

tion, and (4) making the statements to Officer Stribling as testified to by the latter. He stated that in January of 1961 he was a chauffeur for a funeral home. His employment, however, was denied by the funeral director.

Barbara Bedford, defendant's wife, testified that at the time of the raid she was living in the apartment in question at 8118 South Ellis; that she had then been separated from defendant for about one year; that the apartment was also occupied by her fifteen-month-old son, her father, and the informer George Lemon, her brother; * and that defendant was living at 60th and Princeton but sometimes came to see her. She identified Defendant's Exhibit 3, a rent receipt for the apartment, and Exhibit 4, a five-day notice to vacate the premises, both of which were in her name alone. With regard to the above-mentioned bills and receipts in the name of Farlane Bedford, she explained that: "My husband had charge accounts at various stores in his name. . . . It was in his name because he was my husband. . . . Everything I had was in his name."

OPINION

■■ To support a conviction for the unlawful possession of narcotics the State must prove beyond a reasonable doubt that the defendant had either actual or constructive possession of the narcotics in question. People v. Mack, 12 Ill2d 151, 145 NE2d 609. Narcotics are constructively possessed by an accused when they are in a place under his immediate and exclusive control. People v. Mack, supra. However, "knowledge of the location of narcotics is not the equivalent of possession, but merely a necessary element of criminal possession." People v. Jackson, 23 Ill2d 360, 364, 178 NE2d 320.

---

* George Lemon had been an informer for the police. Mitchell Ware, an inspector with the State of Illinois, Narcotics Division, testified that Lemon lived at 128 East 68th Street, not at the Ellis Avenue address.

█ In the instant case, according to the uncontroverted evidence, defendant did not rent the apartment in which the narcotics were found; was only an infrequent visitor to the apartment; and did not have a key thereto. Additionally, the envelope containing the narcotics was marked "Barbara," and although Barbara Bedford was arrested as an addict, she was not charged as a possessor of narcotics. (It was her brother, an addict and an informer for the police in narcotics cases, who signed the complaint for the search warrant.) Neither the receipts and bills found in the apartment nor defendant's purported admissions that he lived therein are sufficient, in our opinion, to establish defendant's guilt. We will not substitute our judgment for that of the trial judge as to the credibility of the witnesses unless it can be said that the evidence is so unsatisfactory as to justify a reasonable doubt of defendant's guilt. People v. Hiller, 7 Ill2d 465, 470, 131 NE2d 25; People v. Gardner, 35 Ill 2d 564, 221 NE2d 232.

█ It is our conclusion that defendant was not proven guilty beyond a reasonable doubt. We, therefore, need not consider his contention that he did not receive a fair trial.

DECISION

The judgment of the Circuit Court is reversed.

Reversed.

DRUCKER, P. J. and McCORMICK, J., concur.