THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ARINZA MARTIN, Defendant-Appellant.

(No. 70-116;

Third District—October 29, 1971.

Bruce Stratton, of Defender Project, of Ottawa, for appellant.

Edward P. Drolet, State's Attorney, of Kankakee, for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

Defendant was convicted at a jury trial upon a charge of "Unlawful Use of Weapons" in violation of Chapter 38, Sec. 24-1 (a) (7), Ill. Rev. Stat. 1969. Defendant appeals.

An issue presented upon appeal is whether the evidence supports a conviction of the violation charged.

At the time of the arrest, defendant was the driver of a car owned by Robert Lott, Jr., who was seated in the rear on the right side. Melvin Rush was seated to the right of the driver. After defendant and Rush left the car, the arresting officer saw Lott trying to put something under the front seat. He ordered Lott out of the car. When Lott started to climb out of the back seat a trench coat was pulled aside uncovering the barrels of a shotgun. The gun was lying right next to Lott on the back seat. It had a sawed-off barrel of less than 18 inches.

All three passengers were indicted. Lott, the owner of the car and the rear seat passenger, who had been sitting on or next to the gun,

jumped bond and was not present at the trial. The only witness at the trial was the arresting officer.

At the close of the State's case both Rush and defendant Martin made a motion for directed verdict. The motions were allowed as to Rush but denied as to Martin on the theory that the jury could infer that Martin was in constructive possession by reason of his driving the car.

■■ To apply the doctrine of constructive possession there must be a showing that the defendant had the immediate and exclusive control of the area where the items allegedly possessed were situated. *People v. Millis* 116 Ill. App.2d 283.

■ It is clear from the evidence in this case that the gun was in the possession of Lott, the back seat passenger.

As the conviction cannot be sustained upon the evidence, it is not necessary to consider the other issues raised by defendant.

Judgment reversed.

ALLOY, P. J., and STOUDER, J., concur.