THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GLENN KISSINGER *et al.*, Defendants-Appellants.

(No. 73-276;

Third District—March 18, 1975.

Charles R. Thomas, of Pekin, for appellants.

C. Brett Bode, State's Attorney, of Pekin (Jay H. Janssen, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Defendants, Glenn Kissinger and Deborah Kissinger, were charged in separate two count indictments with unlawful possession of controlled substances (more than 30 grams of LSD) and unlawful possession of cannabis (30 to 500 grams). At a consolidated jury trial each defendant was found guilty of both counts and each was sentenced to a term of 365 days' periodic imprisonment with the Illinois Department of Cor-

rections on each count with sentences to run concurrently. Defendants appeal from these convictions.

2028 Highview Road is a two-story frame house which has a living room, dining room, kitchen, bath and one bedroom downstairs and two bedrooms upstairs. The owner, Emma Bessler, lived there until she built 2020 Highview Road which is in front of 2028 and is where she now lives. In May, 1972, she rented the house at 2028 to Glenn and Deborah Kissinger but not the barn. The Kissingers lived there about 3 months prior to the incident which gives rise to this prosecution. In about June, 1972, the Kissingers told Emma Bessler they wanted a friend to live there with them. Emma accordingly raised the rent, and Charles Baxter moved in and had the front bedroom upstairs. Baxter testified that Mark Widmer and Mike Ritchie stayed in the house part of the time and that Widmer was there on a regular boarding basis and paid his share.

On August 16, 1972, at about 11:30 P.M., approximately 12 police officers arrived in the area pursuant to an outstanding search warrant and while waiting outside the premises saw an automobile come to the house and later leave. During this waiting period, Chief Deputy Richmond and Deputy Pollard approached to within 50 yards of the house to a field where Deputy Richmond could see (with binoculars) three male subjects in the kitchen.

After the car left the premises Deputy Richmond in a matter of seconds with a 20-pound sledge hammer knocked down the door which had a steel bar through it and entered. Glenn Kissinger and another subject were in the living room. Deborah Kissinger was in the downstairs bedroom. Chief Deputy Richmond sent three men upstairs and went into the kitchen where he found one person. The men who went upstairs found Charles Baxter and brought him down. Mark Widmer and Mike Ritchie were also found in the house and Ritchie was charged with illegal possession of marijuana and LSD.

A search of the house ensued and the following items were found as indicated: on the kitchen table there were a plastic bag containing 20.67 grams cannabis, a metal smoking object and a plastic container and in an upstairs bedroom there were a glass peanut butter jar containing one pair of shorts, a plastic bag with purple tablets and some tinfoil packets with reddish powder in them, 33.14 grams of LSD and cigarette papers and metal screen.

At about 3 A.M. the officers went home and left other officers on guard outside the house. The following morning Deputy Morris talked to Charles Baxter who told them there were drugs in the barn and yard and where to look for them. At about 9 A.M. that following morning

Deputy Morris went back to the premises and found the following items as indicated: In the rear of the barn 30 yards from the house there was a sack inside of which were bags containing a total of 138.67 grams of cannabis and in the weeds 30 feet from the house there was a paper sack inside of which was a rag and also a plastic container holding 26.67 grams of cannabis.

The sole defense witness was Charles Baxter who had pleaded guilty to possession of LSD in return for which the marijuana charges were dismissed. Baxter testified he had moved to 2028 Highview Road a couple of months prior to his arrest. He stated he had one of the two rooms upstairs and that the Kissingers occupied the downstairs bedroom and Mark Widmer and Mike Ritchie stayed in the house part of the time. He stated further on August 16, 1972, he had visitors from whom he received 1,000 hits of LSD from someone known to him as Dave. After Dave left, Baxter hid the dope outside the house and brought some of it back into the house and sampled it. It was on the table when he heard the door breaking in and he grabbed it and ran upstairs to see if he could get out. Since he couldn't get out he wrapped the jar in a blanket off Widmer's bed and walked through the door and was arrested. He testified the peanut butter jar, the plastic butter dish, the clip pipe, papers, spare screens for the pipe and the marijuana and LSD belonged to him and that none of the items belonged either to Mr. or Mrs. Kissinger. He stated Glenn Kissinger was not smoking and Mrs. Kissinger was getting ready to go to bed. He stated further that he had used marijuana frequently in and about the house sometimes in the presence of both Glenn Kissinger and his wife but they had told him not to have any around the house. He stated that someone might have had a bag on the kitchen table but most of it was his. He testified he had seen Glenn Kissinger smoke on prior occasions but that Kissinger did not want any dope in the house and that had he known about the things he had there he would have thrown him out.

Baxter testified that after his plea of guilty and while waiting to go to Joliet he made a statement about how the dope came into the Kissinger house the night of the arrest but substituted the names of Glenn Kissinger and Mike Ritchie for his. Thereafter he did not sign a statement because it was a lie, and on his fifth day at Joliet he contacted the superintendent and stated that he had made a false statement.

■■ The first issue is whether the search warrant which described the premises to be searched as "2028 Highview Road, Tazewell County, Illinois and a building or buildings, or portions thereof" was unduly broad. As defendants point out in their brief, the general rule is that a search warrant is sufficiently descriptive if it points out a definitely ascer-

tainable place with reasonable sufficiency. (*People v. Laws*, 7 Ill.App.3d 826, 288 N.E.2d 890.) The warrant must sufficiently identify the premises to the exclusion of all others. (*People v. Moore*, 124 Ill.App.2d 204, 260 N.E.2d 255.) The warrant in question here complies with the general principles cited by defendants. The defendant, Deborah Kissinger, testified she knew of no other Highview Road and the county sheriff testified there might be other Highviews in Tazewell County but there was no finding that there was any other Highview Road in the county.

■■ The next issue relates to the sufficiency of the evidence. The question is whether there was sufficient evidence to establish beyond a reasonable doubt the defendants were in possession of marijuana and LSD. The question concerns defendants' knowledge and control of the drugs on the premises. Certain general principles are not in dispute here. Possession of contraband may be either actual or constructive. (*People v. Embry*, 20 Ill.2d 331, 169 N.E.2d 767.) The mere presence in the vicinity of the contraband is not sufficient to show constructive possession. (*People v. Crowder*, 4 Ill.App.3d 1079, 283 N.E.2d 342.) The presence of others does not negate constructive possession. (*People v. Cogwell*, 8 Ill.App.3d 15, 288 N.E.2d 729.) The most pertinent general principle for our purposes is that when drugs are found on the premises rather than on the defendant himself, the People must prove that the defendant had control over the premises, which in turn gives rise to an inference of knowledge and possession. *People v. Mosley*, 131 Ill.App.2d 722, 265 N.E.2d 889.

■■ The issue here is whether the Kissingers had control over those areas of the premises where the drugs were discovered. It is undisputed that no drugs were found on the persons of the Kissingers and other persons did have access to the premises. The general principle is stated in another way in *People v. Minkin*, 133 Ill.App.2d 549, 551, 273 N.E.2d 729: "A conviction for unlawful possession of narcotic drug may be sustained even where the accused was not demonstrated to have contraband on his person where the evidence discloses that he had possession or control over premises on which he knew contraband to be located. * * * Where the evidence establishes that the accused had control over premises upon which narcotics are found, a prima facie case is made, for an inference of knowledge arises from the fact of control."

In the instant case drugs were found in these four general areas: An upstairs bedroom, the kitchen table, in the rear of the barn about 30 yards from the house and in the weeds about 30 feet from the house. LSD was found in the upstairs bedroom, and marijuana was found in each of the other three areas. Viewing the record as a whole we find the only area in which it might be held that there was evidence of the

Kissingers' control and possession would be the kitchen table on which there was found cannabis weighing 20.67 grams. It is a question for the jury whether one or both of the Kissingers had control and possession of that area and knew the cannabis was located there.

With regard to the other three areas there is insufficient evidence to support a finding that defendants had possession and control of those areas and knowledge of contraband being located there. The LSD was found upstairs, which was a section of the house occupied and rented by others. Accordingly, that part of the judgment as to the count for possession of LSD must be reversed. That part of the judgment as to the possession of cannabis must be reversed and remanded for a new trial since no distinction is made between the findings of the jury as to cannabis found in the kitchen as opposed to cannabis found outside the house in the other two areas.

██ Due to the fact that we are reversing and remanding for a new trial it is necessary to deal with defendants' contentions regarding the instructions. Defendants argue that the trial court erred in its refusal to instruct the jury as to constructive possession and as to the weight of the substance allegedly possessed. They argue the People's Instruction (Illinois Pattern Jury Instructions, Criminal No. 4.15) only instructs as to voluntary possession and there was only a scintilla of evidence which could have indicated voluntary possession by defendant Glenn Kissinger. It is sufficient here to hold this instruction ("Possession is a voluntary act if the offender knowingly procured or received the thing possessed, or was aware of his control thereof for a sufficient time to have been able to terminate his possession") accurately states the law and is supportable by the evidence.

Defendants argue that their three tendered and refused instructions contain elements of constructive possession concerning which element the jury should have been instructed. Two of these instructions in pertinent part read: "* * * that the said substance * * * weighed more than 30 grams but not more than 500 grams. Third that said substance was in the immediate and exclusive control of that defendant. Fourth that defendants knew of the presence of said substance * * *." Defendants' third and refused tendered instruction states: "A person knowingly possesses a substance when said substance with his knowledge is in his immediate and exclusive control." Upon examination of these instructions it is our conclusion they add nothing to explaining the concept of constructive possession, and due to our view of the case, it is not necessary to deal with defendants' contention regarding the necessity of instructing as to the weight of the substance allegedly containing cannabis.

Although other issues are raised, they need not be dealt with here due to our disposition of the case.

For the foregoing reasons, that part of the judgment of the circuit court of Tazewell County based on the count for possession of LSD is reversed and that part based on the count for possession of marijuana is reversed and remanded with directions defendants be granted a new trial.

Reversed in part and reversed and remanded in part.

ALLOY and BARRY, JJ., concur.