was erroneous. Accordingly, the judgment of the circuit court affirming the administrative decision is reversed and remanded.

 Since the matter is remanded and a hearing on the merits may result, we deem one further comment appropriate. On contested issues the hearing officer, over objection, allowed into evidence various hearsay statements of plaintiff's building managers. Although section 11—8.4 of the Public Aid Code (Ill. Rev. Stat. 1973, ch. 23, par. 11—8.4), provides that the "Illinois Department * * * shall not be bound by common law or statutory rules of evidence, or by technical or formal rules of procedure," the legislature did not intend by that section to abrogate the fundamental rules of evidence. (See *Novicki v. Department of Finance*, 373 Ill. 342, 26 N.E.2d 130.) The rule against hearsay is basic and fundamental, and not merely a technical rule of evidence (*Russell v. License Appeal Com.*, 133 Ill.App.2d 594, 273 N.E.2d 650); furthermore, due process requires that a recipient be given an opportunity to confront and cross-examine the witnesses relied upon by the Department. *Goldberg v. Kelly*, 397 U.S. 254; see *Rios v. Hackney* (N.D. Tex. 1967), 294 F.Supp. 885.

The judgment of the circuit court of Cook County is reversed and remanded in accordance with the views herein expressed.

Reversed and remanded.

DOWNING, P. J., and LEIGHTON, J., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ANTHONY ADAMS (Impleaded), Defendant-Appellant.

(No. 60826; )

First District (2nd Division)—June 30, 1975.

PER CURIAM.

James J. Doherty, Public Defender, of Chicago (Judith A. Stewart, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Marcia B. Orr, and Eugene J. Rudnik, Jr., Assistant State's Attorneys, of counsel), for the People.

THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* JAMES GRAHAM, Petitioner-Appellant.

(No. 60505;

First District (3rd Division)—July 3, 1975.