The People of the State of Illinois, Plaintiff-Appellee, *v.* Earl Bennett, Defendant-Appellant.

(No. 61650;

First District (3rd Division)—September 18, 1975.

James J. Doherty, Public Defender, of Chicago (Judith A. Stewart, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago, for the People.

PER CURIAM (Before McGloon, P. J., Dempsey and Mejda, JJ.):

Earl Bennett, defendant, after a bench trial, was found guilty of the crime of battery (Ill. Rev. Stat. 1973, ch. 38, par. 12—3) and was sen-

tenced to a term of three months in the House of Correction. He wished to appeal, and the public defender of Cook County was appointed to represent him.

After examining the record, the public defender has filed a motion in this court for leave to withdraw as appellate counsel. Pursuant to the requirements set out in *Anders v. California* (1967), 386 U.S. 738, a brief in support of the motion has also been filed. The brief states that the only possible arguments which could be raised on appeal are that the evidence was insufficient to establish defendant's guilt beyond a reasonable doubt, and that the State's closing argument was improper. The brief concludes that an appeal on those issues would be wholly frivolous and without merit. Copies of the motion and brief were mailed to defendant on June 19, 1975, and he was informed that he had until August 26, 1975 to file any additional points in support of his appeal. He has not responded.

At trial, James Clark, age 14, testified that on the afternoon of December 16, 1974, he was playing football outside the Fenger School when someone hit him from the back and he fell to the ground; defendant got on top of him, struck him in the mouth four or five times and told him not to mess with his brother or he would knock his teeth out. Clark testified that he did not know defendant's brother. As a result of the incident Clark lost one tooth and required several stitches in his mouth.

Earl Bennett, defendant, testified that on December 16, 1974, his brother Ronald, age 14, came home and told him that five men had beaten him up during a football game on the school playground. Defendant and his brother went to the Fenger School; Clark grabbed Ronald, and defendant then got into a fight with Clark and struck him twice.

The mother of Earl and Ronald Bennett testified that on December 16, 1974, her son Ronald came home with his face all bloody, and said that five boys had "jumped on him."

■■ The first possible argument which could be raised on appeal is that the evidence was insufficient to establish defendant's guilt beyond a reasonable doubt. The rule is well established that in a bench trial the credibility of witnesses and the weight to be given their testimony are matters for the trial court to determine. Only where the evidence is so unsatisfactory as to raise a reasonable doubt as to defendant's guilt will the findings of the trial court be disturbed. (*People v. Clark* (1972), 52 Ill.2d 374, 288 N.E.2d 363.) The testimony of one witness, if positive and credible, is sufficient to sustain a conviction even though contradicted by the accused. *People v. Griffin* (1973), 12 Ill.App.3d 193, 297 N.E.2d 770.

In the instant case, James Clark testified that defendant attacked him

without provocation. The trial judge found his testimony positive, credible and sufficient to establish defendant's guilt beyond a reasonable doubt. After a complete review of the entire record, we cannot say that his determination was erroneous.

■■ The second possible argument on appeal is that the closing summation of the prosecutor was improper in that he argued facts not established by the evidence. Even if we were to accept this premise, the rule is well established that in a bench trial the judge is presumed to recognize and disregard all incompetent evidence. This rule applies to arguments and remarks of counsel. (*People v. Miller* (1971), 2 Ill.App.3d 206, 276 N.E.2d 395.) In the instant case there is nothing in the record which would indicate that the trial court was misled or improperly influenced by the closing argument of the State.

■■ We have examined the record, and concur in the opinion of the public defender that the arguments raised are not arguable on their merits and are wholly frivolous. Our independent examination of the record does not disclose any additional possible grounds for an appeal which are also not frivolous. Accordingly, the motion of the public defender of Cook County to withdraw as counsel on appeal is allowed and the judgment is affirmed.

Motion allowed; judgment affirmed.