THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GEORGE O'NEAL, Defendant-Appellant.

First District (3rd Division) No. 61381

Opinion filed December 18, 1975.

James J. Doherty, Public Defender, of Chicago (Peter J. Wonais and Judith A. Stewart, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and John T. Theis, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

The defendant, George O'Neal, was charged with the offense of unlawful possession of ammunition without having a State firearm owner's

identification card. He waived a jury trial, was found guilty and sentenced to 30 days in the House of Correction. He contends that the State failed to prove beyond a reasonable doubt that he had actual or constructive possession of the ammunition.

Only two witnesses testified at the trial: Phillip Duhr, an arresting officer, and the defendant. Duhr stated that he stopped the defendant, who was driving an auto with Iowa license plates, for making a right-hand turn without signaling his intention to turn. Two other men were in the auto with the defendant. One, his brother, was sitting next to him in the front seat and the third was in the back seat. Duhr issued a traffic citation to the defendant and asked for his driver's license. The defendant could only produce a probationary license so Duhr asked him for his vehicle identification.

There is some dispute as to what happened next. Duhr testified:

"I asked him for some identification for the vehicle at which time he opened the glove compartment and two shotgun shells fell out and he immediately pushed them back in  *  *  *."

The defendant, who said he had borrowed the auto from a friend in Waterloo, Iowa, less than 24 hours before he was stopped and that he was unaware that there were shells in the compartment, testified:

"When I went to reach for the registration that I had in the glove compartment and when I went to hand it to the officer who was standing beside me, the other officer came over on the other side of the car and found two shotgun shells."

His counsel inquired whether he had attempted to put the shotgun shells back in the compartment and he answered: "I don't remember them falling out. I did not know I had them in the car."

After seeing the shells, Duhr asked the defendant whether he had a State firearm identification card. The defendant replied that he did not. Duhr arrested him for this offense and conducted a protective search of the auto. A revolver was found in the trunk.

Section 2(a) of "An Act relating to the acquisition  *  *  *  of firearms  *  *  *" states:

"No person may acquire or possess any firearm or any firearm ammunition within this State without having in his possession a Firearm Owner's Identification Card previously issued in his name by the Department of Law Enforcement under the provisions of this Act." Ill. Rev. Stat. 1973, ch. 38, par. 83—2(a).

■■ Criminal possession can be either actual or constructive. (*People v. Mack* (1957), 12 Ill.2d 151, 145 N.E.2d 609.) The defendant argues that the State's evidence did not support a conviction based upon actual

possession of the shells since he was not the owner of the car and his touching them momentarily when, according to the officer's testimony, he pushed them back into the compartment, was too brief to be construed as possession. He argues that the State's proof was insufficient to sustain the theory of constructive possession because the shells were not in his immediate and exclusive control, and he had no knowledge of their presence in the glove compartment of a car that belonged to another person. He bolsters the latter argument by pointing out that a passenger was sitting closer to the compartment than he was and that his testimony that he had no prior knowledge of the shotgun shells being in the compartment was uncontradicted.

·. The State concedes that its burden was to prove the defendant's actual or constructive possession of the shells and his knowledge that they were in the auto, but it is the State's position that both forms of possession were proved by circumstantial evidence.

■■ It is unnecessary to prove a defendant's ownership of a contraband article or the ownership of the place where it is kept in order to establish constructive possession. (See *People v. McKnight* (1968), 39 Ill.2d 577, 237 N.E.2d 488.) A person may be in constructive possession of the article if it is located in a place under his immediate and exclusive control. (*People v. Bedford* (1966), 78 Ill.App.2d 308, 223 N.E.2d 290.) Mere presence in the vicinity of the contraband is not enough to show constructive possession, but control over its location gives rise to such an inference. (*People v. Kissinger* (1975), 26 Ill.App.3d 260, 325 N.E. 2d 28.) The presence of other persons in the vicinity does not necessarily undermine this inference. (*People v. Cogwell* (1972), 8 Ill.App.3d 15, 288 N.E.2d 729.) Contraband will be considered to be sufficiently accessible to a defendant if it is within his easy reach and that of other persons who may be present. *People v. Bell* (1972), 7 Ill.App.3d 625, 288 N.E.2d 253.

■■ The evidence justified the conclusion of the trial court, whose duty it was to determine the credibility of the witnesses and the weight to be given to their testimony, that the defendant had possession of the shotgun shells and knew they were in the glove compartment of the automobile he was driving. The defendant's own testimony revealed that he had previously opened the compartment. He testified: "When I went to reach for the registration that I had in the glove compartment * * *." Since he knew the registration was in the compartment, the trial court could have reasonably inferred that he placed it there; and since the shells fell out when the door was opened, it was also reasonable to infer that he knew they were there. Obviously, the shells

were in the front of the compartment within easy view. They were not wedged in the back of the compartment or buried under other material. Furthermore, the fact that he hastily pushed the fallen shells back into the compartment shows not only prior knowledge of their presence, but an attempt at concealment and the futile hope that their falling may have been unnoticed.

The fact that the defendant's brother sat directly in front of the glove compartment does not nullify the evidence that the defendant, the driver of the auto, had knowledge and possession of the shells. It was the defendant who reached into the compartment after the police officer's request for vehicle identification. As we have mentioned, the rule that possession must be exclusive does not mean that possession may not be joint. The presence of others does not necessarily negate constructive possession. *People v. Embry* (1960), 20 Ill.2d 331, 169 N.E.2d 767; *People v. Kissinger.*

The State's evidence if believed, as it was, established beyond a reasonable doubt the defendant's possession of firearm ammunition without having in his possession a firearm owner's identification card. His conviction will be affirmed.

Judgment affirmed.

McNAMARA and MEJDA, JJ., concur.