THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CLIFFORD JANIS, a/k/a Clifford F. Janis, Defendant-Appellant.

First District (2nd Division)   No. 77-344

Opinion filed December 27, 1977.

Julius Lucius Echeles and Carolyn Jaffe, both of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Linda Ann Miller, and Marva W. Cohen, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE PUSATERI delivered the opinion of the court:

Defendant, Clifford Janis, was co-indicted with John Mikosz and Walter Bogacz for theft, unlawful possession of a motor vehicle, attempt burglary and possession of burglary tools. Defendant was also indicted for unlawful use of weapons and for unlawful use of weapons within five years of his conviction for burglary. Bogacz died prior to trial. At the close of the State's case-in-chief, the trial court dismissed the four charges against Mikosz and discharged him. The court dismissed the three counts charging theft, unlawful possession of a motor vehicle and attempt burglary against defendant Janis. At the conclusion of the bench trial, defendant was convicted of possession of burglary tools and unlawful use of weapons under the enhanced penalty provision. (Ill. Rev. Stat. 1971, ch. 38, pars. 19—2, 24—1(a)(4) and 24—1(b).) He was sentenced to a prison term of one to three years for possession of burglary tools to run concurrently with his sentence of two to six years for unlawful use of weapons.

In this appeal, defendant challenges the sufficiency of the evidence to convict him of possession of burglary tools and unlawful use of weapons. He also contends that his conviction for unlawful use of weapons should be reversed because it was grounded on a statutory presumption which was not applicable to a prosecution under section 24—1(a)(4) of the Criminal Code. He further urges that, to the extent such presumption was applicable, it is unconstitutional.

On July 21, 1973, at about 1:15 a.m., Chicago police officers Donald Drake and Michael Rogers responded to a silent burglar alarm at 2352 West North Avenue, in Chicago, which was Laperal Drugs. They were in an unmarked car. The area behind the building was deserted except for a recreational van containing defendant with his co-defendants. Officer

Drake testified that when he first saw the van, defendant was sitting behind the wheel. Officer Rogers testified that when he first observed defendant, he was getting into the driver's seat.

The police announced their office and ordered the three individuals out of the van. Defendant told the officers that the reason they stopped was that one of the men had to urinate. When the police asked for the vehicle registration, defendant walked to the passenger side and got it out of the glove compartment. The registration was in the name of Donald Mercer. Defendant told the police that Mercer was his friend and that he borrowed the vehicle for the night. Investigation disclosed that no one by that name lived at the address listed on the registration.

As Officer Drake walked toward the van with defendant, he noticed a pair of bolt cutters protruding from under the seat behind the driver's seat. It began to rain so the police ordered the three men into a common hallway to continue the investigation. The common hallway led from an outer door to various doors of other establishments, including the rear steel door of Laperal Drugs. Just inside the common hallway there was a wooden door with pry marks. After observing these pry marks, the officers arrested the three men. Officer Drake searched the van and under a tarpaulin, found 200 pounds of burglary tools, namely, a sledge hammer, pry bars, bolt cutters, wrenches, tools that were cut in the shape of keys, lock pullers, a pen light, and three pairs of gloves.

Officer Rogers testified that he recovered a gun concealed in a glove from the van. There was a conflict in his testimony as to whether he found the gun on the dashboard or on the "motor mount" between the two front seats. Officer Drake testified that the gun was unloaded. Just before the officers transported the men to the police station, they observed the man from the alarm company at the scene.

Maria Livermore, the pharmacist and co-owner of Laperal Drugs, went to the store about 3 a.m. on July 21, 1973, after the alarm company had called her. At that time, she found everything in the drug store in order. When she returned at 9 a.m. to start the next business day, she had trouble opening the rear metal door. When she finally forced the door open, she found a crowbar and some marks on the door. This metal door led into the common hallway where the police previously observed the wooden door exhibiting pry marks. Ms. Livermore testified that the alarm system was attached only to the back steel door of the pharmacy.

■■ Defendant's first contention is that the State's evidence was insufficient to prove him guilty of the offense of possession of burglary tools. In *People v. Faginkrantz* (1960), 21 Ill. 2d 75, 171 N.E.2d 5, the court set out the material elements of this offense. The prosecution must prove "(1) that the tools are adapted and designed for breaking and entering; (2) that the defendant possessed them with the knowledge of

their character; and (3) that he intended to use them for breaking and entering." 21 Ill. 2d 75, 79.

Defendant does not dispute that the tools might be characterized as burglary tools. He does contend that the evidence was insufficient to show he possessed them. The State argues that the defendant was in the immediate and exclusive control of the van and was, therefore, in constructive possession of the tools. Defendant replies that when there is no direct evidence that something was in his possession and others had access thereto, the probabilities that defendant may have possessed it are insufficient to convict.

In *People v. O'Neal* (1st Dist. 1975), 35 Ill. App. 3d 89, 341 N.E.2d 36, this court discussed the doctrine of constructive possession:

> "It is unnecessary to prove a defendant's ownership of a contraband article or the ownership of the place where it is kept in order to establish constructive possession. (See *People v. McKnight* (1968), 39 Ill. 2d 577, 237 N.E.2d 488.) A person may be in constructive possession of the article if it is located in a place under his immediate and exclusive control. (*People v. Beford* (1966), 78 Ill. App. 2d 308, 223 N.E.2d 290.) Mere presence in the vicinity of the contraband is not enough to show constructive possession, but control over its location gives rise to such an inference. (*People v. Kissinger* (1975), 26 Ill. App. 3d 260, 325 N.E.2d 28.) The presence of other persons in the vicinity does not necessarily undermine this inference. (*People v. Cogwell* (1972), 8 Ill. App. 3d 15, 288 N.E.2d 729.) Contraband will be considered to be sufficiently accessible to a defendant if it is within his easy reach and that of other persons who may be present. *People v. Bell* (1972), 7 Ill. App. 3d 625, 288 N.E.2d 253." 35 Ill. App. 3d 89, 91.

■■ The evidence justified the conclusion of the trial court, whose duty it was to determine the credibility of the witnesses and the weight to be given their testimony, that defendant was in possession of the burglary tools. The police saw defendant sitting in the driver's seat or getting into the driver's seat. Of the three men, defendant was the one who got the vehicle registration from the glove compartment. It was defendant who held himself out to be in possession of the van by telling the police that he borrowed it for the night, and it was the defendant who gave the officers the reason for their stopping in the lot. The fact that the evidence did not show that defendant was the owner of the van, that defendant had the keys, or that the keys were in the ignition, does not persuade us to ignore the other incriminating evidence.

In the cases which defendant cites, *People v. Jackson* (1961), 23 Ill. 2d 360, 178 N.E.2d 320, and *People v. Evans* (1st Dist. 1966), 72 Ill. App. 2d 146, 218 N.E.2d 781, the evidence did not show that defendant had

control over the area in which the contraband was found. In the instant case, the evidence leads to the conclusion that defendant had a familiarity with the contents of the van and control over it. We further find that the fact that the two other men had access to the tools does not defeat defendant's constructive possession of them.

Defendant argues that we should distinguish the State's cases which support our conclusion, on the basis that in the instant case a van is involved, whereas in the cited cases, an automobile was involved. We find this distinction to be untenable. The position of the 200 pounds of tools in a recreational vehicle was not such that it could be said that defendant did not have immediate and exclusive control over the vicinity in which the tools were found.

■■ Defendant also claims that the State did not prove that he had a burglarious intent. Absent a confession, the State must ordinarily prove such intent by circumstantial evidence. (*People v. Faginkrantz* (1960), 21 Ill. 2d 75, 171 N.E.2d 5.) The evidence adduced at trial showed that at approximately 1:15 a.m., the police observed the defendant in a van in an empty parking lot behind a drug store where a burglar alarm had been activated. The police found pry marks on the wooden door in a common hallway and 200 pounds of burglary tools in the van. As our supreme court recently stated in a factually similar circumstance:

"* * * Thus, on the basis of his experience patrolling the area, Fulton knew that the suspects were in an unlikely place at an unlikely time.

* * * Officer Fulton knew of at least one form of surreptitious activity that unfortunately was not uncommon in this neighborhood[,] burglary. Thus, while it is possible that the defendant and his companion were merely on their way to Penn's Tavern to have a fast drink before closing time, we agree that it was much more likely that persons dressed in black, walking in the dead of night through an otherwise deserted commercial and industrial area * * * had just committed or were about to commit a burglary. * * * Hence, we agree that Officer Fulton's inference of an imminent or recent burglary was reasonable * * *." *People v. McGowan* (1977), 69 Ill. 2d 73, 370 N.E.2d 537.

Similarly, in the case at bar, while it is possible that the defendant stopped in the alley to urinate, it is highly unlikely that this was his sole intention and motivation. The nature and number of the tools under the circumstances leave little doubt that they were intended for criminal, not innocent purposes. *

In the face of this evidence, defendant claims that because he did not resist arrest, attempt to flee or conceal his identity, criminal intent was not established. These are factors which have a bearing on the issue of

defendant's intent but which do not, in our opinion, raise a reasonable doubt in the instant case. We find that the State's uncontroverted evidence was sufficient to prove criminal intent. *People v. Moore* (1st Dist. 1973), 10 Ill. App. 3d 998, 295 N.E.2d 588 (abst.).

■■ Defendant's second contention is that the evidence was insufficient to convict him of unlawful use of weapons. The State prosecuted defendant for an offense described in section 24—1(a)(4) of the Criminal Code of 1961 which provides:

"(a) A person commits the offense of unlawful use of weapons when he knowingly:

\* \* \*

(4) Carries concealed in any vehicle or concealed on or about his person except when on his land or in his own abode or fixed place of business any pistol, revolver or other firearm." Ill. Rev. Stat. 1971, ch. 38, par. 24—1(a)(4).

Defendant argues that the evidence is insufficient to prove that he had possession of the concealed weapon. As discussed in the previous contention relating to the possession of burglary tools charge, we find that the evidence shows that defendant had constructive possession of the weapon. Whether the gun was found on the dashboard or between the front seats on the "motor mount" does not affect our resolution. The defendant had immediate and exclusive control over the area in which the officer found the gun. The presence of the other men in the car does not negate defendant's constructive possession of the concealed weapon. (*People v. Givens* (1st Dist. 1977), 46 Ill. App. 3d 1035, 361 N.E.2d 671.) The physical relationship of the other men to the weapon and their relationship vis-a-vis defendant to the van leads us to this conclusion. There was no evidence that the other men had more claim to possession of the gun or the van than defendant. Compare *People v. Cogwell* (1st Dist. 1972), 8 Ill. App. 3d 15, 288 N.E.2d 729; *People v. Crowder* (1st Dist. 1972), 4 Ill. App. 3d 1079, 283 N.E.2d 342; *People v. Martin* (3d Dist. 1971), 1 Ill. App. 3d 798, 274 N.E.2d 593; with *People v. Givens* (1st Dist. 1977), 46 Ill. App. 3d 1035, 361 N.E.2d 671.

Defendant also argues that the evidence was insufficient to prove that he had knowledge of the gun. Knowledge of the presence of a weapon is a material element of the crime of unlawful use of weapons. (*People v. McKnight* (1968), 39 Ill. 2d 577, 237 N.E.2d 488, *cert. denied* (1969), 394 U.S. 993, 22 L. Ed. 2d 770, 89 S. Ct. 1473.) The State must often prove such knowledge by circumstantial evidence. *People v. Adams* (1st Dist. 1975), 30 Ill. App. 3d 396, 332 N.E.2d 487 (abstract).

■■ Because this was a bench trial, it was for the trial court to decide whether the State established the guilt of the defendant. We should not set its judgment aside unless the proof is so unsatisfactory as to cause a

reasonable doubt of guilt to appear. (*People v. Lofton* (1977), 69 Ill. 2d 67, 370 N.E.2d 517.) The evidence shows that the gun was concealed in a glove which was in plain view on the dashboard or "motor mount." Defendant exhibited familiarity with the van and its contents as evidenced when he obtained the purported vehicle registration from the glove compartment. He also held himself out to be in possession of the van. The foregoing facts lead to a reasonable inference that defendant had knowledge of the concealed weapon and we find that his guilt has been established. The fact that the gun was found in a van rather than a car does not lead to an opposite conclusion. Because the gun was found in the front of the van next to the defendant, we find such a distinction to be inapplicable.

Defendant's third contention is that section 24—1(c) of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 24—1(c)) does not apply to this case and to the extent it may be deemed applicable, it is unconstitutional. Section 24—1(c) establishes a statutory presumption that presence in an automobile in which a gun is found is *prima facie* evidence of possession. Defendant argues that because his conviction for unlawful use of weapons is grounded upon this presumption, his conviction should be reversed. The State concedes that the presumption only applies to prosecutions for violations of section 24—1(a)(7) of the Criminal Code. (Ill. Rev. Stat. 1971, ch. 38, par. 24—1(a)(7).) However, the State maintains that the prosecutor's reliance on the presumption was harmless because it was not necessary for the trial court's determination.

At the hearing on defendant's motion to dismiss at the close of the State's case, the prosecutor argued the applicability of the statutory presumption. Defense counsel did not specifically object on the ground that this statutory presumption did not apply to a prosecution under section 24—1(a)(4) of the Criminal Code. Instead, he argued that defendant should not have been singled out for prosecution. The record does not disclose whether the trial court relied on this presumption in ruling on defendant's motion to dismiss or in finding him guilty. The State again made reference to the statutory presumption at the hearing on defendant's post-trial motion.

It is a well established principle that in a bench trial the court is presumed to have relied on proper evidence and disregarded all incompetent evidence in reaching its conclusion. (*People v. Pelegri* (1968), 39 Ill. 2d 568, 237 N.E.2d 453; *People v. Harbarugh* (1st Dist. 1976), 40 Ill. App. 3d 295, 352 N.E.2d 412.) This principle applies also to argument and remarks of counsel. (*People v. Miller* (1964), 30 Ill. 2d 110, 195 N.E.2d 694; *People v. Bennett* (1st Dist. 1975), 32 Ill. App. 3d 365; 336 N.E.2d 537.) Absent an indication that such argument misled or prejudicially influenced the trial court, we will not reverse. *People v.*

*Gilbert* (1977), 68 Ill. 2d 252, 369 N.E.2d 849; *People v. Grodkiewicz* (1959), 16 Ill. 2d 192, 157 N.E.2d 16.

■■ The record in the instant case is silent with respect to whether the trial court relied on the State's improper reference to section 24—1(c) of the Criminal Code of 1961. We must presume that the trial court disregarded this line of argument. There was sufficient evidence aside from the statutory presumption to prove defendant guilty of unlawful use of weapons, and we find no indication that such argument induced the court to rule as it did.

Defendant further argues in reply that because the State argued for the application of section 24—1(c) in the trial court it should be precluded from proceeding under the theory in this court that the evidence was sufficient to convict apart from reliance on the statutory presumption. We find no merit in this contention. The State is not proceeding under a new theory. The theory at trial was constructive possession, and this is the same theory the State pursues on appeal. Defendant has not been prejudicially precluded from presenting evidence in his defense because the State argued for the applicability of statutory presumption in the trial court.

In *Giordenello v. United States* (1958), 357 U.S. 480, 2 L. Ed. 2d 1503, 78 S. Ct. 1245, cited by defendant, the government defended the legality of defendant's arrest by relying entirely on the validity of the warrant in the lower court. The Supreme Court held that it could not thereafter rely on the theory that the arrest was justified apart from the warrant. We find this case to be distinguishable from the instant case. We further find that language about the waiver doctrine in *People v. McAdrian* (1972), 52 Ill. 2d 250, 287 N.E.2d 688, cited by defendant, is more applicable to defense counsel's conduct at trial. The court there noted that "the trial court should be given an opportunity to consider the issues or theories which the appellant, on review, assigns as errors in its judgment." (52 Ill. 2d 250, 254.) By not objecting at trial to the State's erroneous reference to section 24—1(c) of the Criminal Code or raising it in his post-trial motion, defendant did not alert the trial court to the error which he now urges on appeal. Finally, considering our disposition of this issue, we find it unnecessary to discuss defendant's constitutional argument.

For all the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

DOWNING, P. J., and STAMOS, J., concur.