THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSEPH HILL, Defendant-Appellant.

Third District   No. 3—91—0121

Opinion filed March 26, 1992.

Catherine FitzSimmons, of State Appellate Defender's Office, of Ottawa, for appellant.

Marshall E. Douglas, State's Attorney, of Rock Island (John X. Breslin and Jay P. Hoffmann, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCUSKEY delivered the opinion of the court:

Defendant, Joseph Hill, appeals his conviction for unlawful possession of a weapon by a felon. Hill argues that proof of his possession of the weapon was lacking where another person living with him had lawful possession of the weapon. Hill additionally contends that the State made improper remarks during closing argument which shifted the burden of proof and misstated the law. We disagree with both arguments and affirm Hill's conviction.

Hill was charged with unlawful possession of a weapon by a felon (Ill. Rev. Stat. 1989, ch. 38, par. 24—1.1(a)) and unlawful possession of a controlled substance (cocaine) with intent to deliver (Ill. Rev. Stat. 1989, ch. 56½, par. 1401(a)(2)). A jury returned a not guilty verdict on the charge of unlawful possession of cocaine with intent to deliver and a guilty verdict on the charge of unlawful possession of a weapon by a felon. Hill was sentenced to five years' imprisonment.

At 8:30 a.m. on August 7, 1988, Rock Island police officers arrived at Hill's home at 2380 11th Street to execute a search warrant. Hill rented the single-family residence and lived there with Karen Scott. The officers were admitted to the residence by Scott. The police then handcuffed Scott and Jacquelyn Bailey, who had stayed overnight in a guest bedroom. Thereafter, the police searched Hill's residence pursuant to the search warrant.

Officer Scott Reid testified that Hill was found in another bedroom, awake and lying in bed under the covers. Officer Reid handcuffed Hill and removed him from the bedroom. Behind Officer Reid, within four to six feet from the foot of Hill's bed, was an armoire. The left door of the upper cabinet of the armoire was open one to three inches. Officer Reid observed in the cabinet of the armoire the butt of a semi-automatic pistol, which was later identified as a .22 caliber Beretta. Officer Reid opened the doors of the cabinet and removed the weapon. A wallet containing Hill's Illinois driver's license

was found in the lower right hand corner of the cabinet. A second wallet with Hill's Illinois identification card was found on top of the cabinet. Officer Reid also found a slightly opened, black zippered bag. The black bag contained cocaine, a chrome-plated Raven's Arm .25 caliber semi-automatic pistol, and Karen Scott's Iowa firearm owner's identification (FOI) card.

Jacquelyn Bailey identified the black bag as a purse belonging to Karen Scott. Bailey testified that she and Karen Scott had traveled to Chicago the previous day and that Scott had taken the purse with her. The women returned from Chicago at approximately 3:45 a.m. the morning the police conducted the search. Hill arrived home after 6 a.m. the same morning.

Hill first contends that proof of his exclusive control of the weapon was lacking since Karen Scott also had control over the bedroom. Hill additionally argues that he could not unlawfully possess the .22 caliber Beretta because Scott held an FOI card which would allegedly allow her lawful possession of the weapon. Hill contends that Karen Scott's presumed lawful possession of the .22 caliber Beretta precludes his conviction for unlawfully possessing the weapon. We disagree.

■ To support a conviction involving constructive criminal possession of a weapon, the State must establish (1) the defendant's knowledge of the presence of the weapon; and (2) his immediate and exclusive control over the area where the weapon was found. (*People v. Rangel* (1987), 163 Ill. App. 3d 730, 739, 516 N.E.2d 936, 942.) While Hill does not dispute that he had control over the premises he rented, he contends that his control was not exclusive.

We have previously addressed the question of whether another person's access to a weapon is sufficient to negate a defendant's responsibility for constructive possession of the same weapon. (*People v. Williams* (1981), 98 Ill. App. 3d 844, 424 N.E.2d 1234.) The police in *Williams* recovered a sawed-off shotgun following a search of premises occupied by Williams and two alleged prostitutes. The weapon was stored under a mattress in a bedroom of a second-floor apartment. Both women had taken clients into the apartment where the shotgun was located. One of the women admitted handling the shotgun and testified the other woman and several other persons also handled the weapon.

This court in *Williams* affirmed the defendant's conviction for unlawful use of a deadly weapon, rejecting his argument "that because several persons handled the weapon, he did not exclusively control

and thus possess the weapon." (*Williams*, 98 Ill. App. 3d at 849, 424 N.E.2d at 1237.) Our court stated:

> "The law is clear that the exclusive dominion and control required to establish constructive possession is not diminished by evidence of others' access to the contraband. [Citation.] When the relationship of others to the contraband is sufficiently close to constitute possession, the result is not vindication of the defendant, but rather a situation of *joint* possession. To hold otherwise would enable persons to escape criminal liability for possession of contraband by the simple expediency of inviting others to participate in the criminal enterprise." (Emphasis added.) (*Williams*, 98 Ill. App. 3d at 849, 424 N.E.2d at 1237.)

"[T]he rule that possession must be exclusive does not mean that possession *may not be joint*." (Emphasis added.) (*People v. Burke* (1985), 136 Ill. App. 3d 593, 599, 483 N.E.2d 674, 679.) Scott's access to the bedroom and the contents of the armoire does not defeat defendant's constructive possession of the Beretta. See *People v. Janis* (1977), 56 Ill. App. 3d 160, 165, 371 N.E.2d 1063, 1067.

We note the .22 caliber Beretta was clearly visible in Hill's bedroom cabinet since the armoire door was ajar. The .25 caliber Raven's Arm, however, was recovered along with Scott's FOI card from inside her purse. Also, the storage by Hill of his wallet in his bedroom armoire supports a presumption that Hill was familiar with the contents of the armoire. Accordingly, we find sufficient evidence to support the jury's verdict.

Hill's second contention on appeal is that he was denied a fair trial because of improper remarks made by the prosecutor during closing argument. Hill argues the prosecutor's comments misstated the law and shifted the burden of proof to the defendant.

Hill objects to two comments made by the prosecutor. In the first comment, the prosecutor stated:

> "When the defendant, —he has no right to possess a weapon. Don't get hung up on this concept of ownership. It is not anything anyone has to prove or disprove."

Hill interprets the prosecutor's remark to suggest to the jury that ownership of the weapon was irrelevant. The State counters by arguing (1) the prosecutor's comment only implies to the jury that ownership of the weapon was not an element of the offense; and (2) that the prosecutor's remark is an accurate statement of the law. We need not address the merits of either parties' argument because Hill did not object to the prosecutor's comment at trial and failed to include it as an issue in his post-trial motion. Claimed errors not properly preserved

for review are considered waived. (*People v. Walker* (1985), 109 Ill. 2d 484, 504, 488 N.E.2d 529, 537-38.) We also decline Hill's invitation to invoke the plain error doctrine. The plain error rule will be applied only where the evidence is closely balanced or the error alleged is of such gravity as to deny defendant a fair trial. (*Walker*, 109 Ill. 2d at 504, 488 N.E.2d at 538.) We find neither requirement has been met here.

We will, however, consider Hill's argument concerning the second comment made by the prosecutor. This comment was properly objected to by Hill at trial. During the State's rebuttal argument, the following exchange occurred:

> "[PROSECUTOR]: Mr. Hoffman wants you to believe that Karen Scott owned that gun. There is no proof. Remember possessory offense, ladies and gentlemen.
>
> MR. HOFFMAN [Defense Counsel]: Objection, Your Honor. It is the State's burden of proof. If they want to prove ownership, they can prove it. They don't have to disprove ownership or prove somebody else owned it."

The trial court overruled the objection. Hill contends the prosecutor's comment improperly shifted the burden to the defendant to prove that Karen Scott owned the weapon. Hill maintains the prosecutor's comment was especially prejudicial to him because he had argued to the jury that Karen Scott's alleged ownership of the .22 caliber Beretta would preclude him from unlawfully possessing it. We find no merit to this argument. Hill's argument is based upon the mistaken, and totally unsupported, belief that the State must prove the weapon was not legally owned by another. The prosecutor was only informing the jury that *possession* under the law, rather than ownership, is the critical element for the State to prove.

Hill also argues that the prosecutor's alleged misstatements of law led the jury to return inconsistent verdicts on the cocaine and weapon charges. The State contends that it was evidentiary differences presented with regard to the cocaine and the weapon which led the jury to return the verdicts. We find no inconsistent verdicts. We note Hill presented considerable evidence to suggest that the cocaine was purchased the day before the search during Karen Scott's trip to Chicago. Also, evidence was presented to the jury that the cocaine in Scott's bag was placed in the cabinet of the armoire in Hill's bedroom *only hours* before he went to bed. The only evidence Hill presented to rebut the weapon charge was the fact that Karen Scott possessed an FOI card. These differences in the evidence presented to the jury clearly allowed the jury to infer that Hill had knowledge of the pres-

ence of the .22 caliber Beretta but *not* the cocaine. The jury could reasonably find, based on the evidence presented, that the cocaine stored in Scott's purse was placed in the armoire without defendant's knowledge, while also finding the .22 caliber Beretta—recovered by police in plain view—was within defendant's constructive possession.

For the foregoing reasons, we affirm Hill's conviction.

Affirmed.

BARRY, P.J., and STOUDER, J., concur.