STATE of North Dakota, Plaintiff and Appellee,

v.

Timothy HALBOM, Defendant and Appellant.

Cr. No. 920166CA.

Court of Appeals of North Dakota.

Jan. 7, 1993.

Mary Kathleen O'Donnell (argued), State's Atty., Rolla, for plaintiff and appellee.

Timothy Halbom, pro se.

PER CURIAM.

Timothy Halbom appeals from a county court judgment revoking his suspended sentence for theft of property and ordering him incarcerated for one year. We affirm.

Halbom was initially charged in Rolette County Court with theft of property under Section 12.1–23–02, N.D.C.C., a class C felony. He pled guilty to a class A misdemeanor theft of property, and the court sentenced him to one year in jail, but suspended his sentence on the condition that he make restitution of $1,815 in monthly payments of $300. Halbom made one $300 payment in March 1991, but failed to make any further restitution. The State petitioned to revoke Halbom's probation and suspended sentence, and on November 14, 1991, the court issued an order to apprehend Halbom for allegedly violating the conditions of his sentence.

According to Halbom, he was stopped in Nebraska in March 1992 for speeding and a computer check of his driver's license through the National Crime Information Center revealed a warrant which read "FUGITIVE FROM JUSTICE, FRAUD, CONFIDENCE GAME." Halbom refused to waive extradition, and the State applied to the Governor of North Dakota to extradite Halbom from Nebraska for violating the conditions of his probation for theft of property. The Governor of North Dakota approved the State's request for extradition and forwarded the extradition papers to the Governor of Nebraska. According to Halbom, a Nebraska governor's warrant was served on him and he signed an extradition waiver, because his Nebraska attorney told him it would do no good to fight extradition.

On May 11, 1992, Halbom appeared pro se at a revocation of probation hearing in Rolette County. Halbom admitted violating the conditions of his suspended sentence, and the court revoked his sentence and sentenced him to one year in jail. Halbom appealed.

The State asserts that Halbom's appeal is not timely because, under Rule 4(b), N.D.R.App.P., his notice of appeal was not filed with the clerk of court in Rolette County within ten days of the May 11, 1992 judgment revoking his suspended sentence. According to Halbom, he mailed his pro se notice of appeal directly to the trial judge at an address in Bottineau County, and the judge, a multi-county judge for Bottineau, Rolette, and Renville counties, stamped the notice of appeal "received" on May 20, 1992, and returned it to Halbom with instructions to file it with the clerk of court in Rolette County. Halbom then mailed his notice of appeal to the clerk of court in Rolette County and it was stamped "filed" on June 1, 1992. The State does not dispute that the trial judge "received" Hal-

bom's pro se notice of appeal on May 20, 1992.

■ Rules 3(a) and 4(b), N.D.R.App.P., are similar to the corresponding federal rules of appellate procedure and require a notice of appeal to be filed with the clerk of the trial court within ten days of the judgment or order appealed from. When our rules follow their federal counterpart, we may look to federal practice and authority to construe our rules. Explanatory Note to Rule 1, N.D.R.App.P.; *State v. Manke*, 328 N.W.2d 799 (N.D.1982).

■ The explanatory note to Rule 3, F.R.App.P., indicates that although the time for filing a notice of appeal is mandatory and jurisdictional, the federal appellate rules confirmed prior caselaw which dispensed with literal compliance with the requirement of filing a notice of appeal with the clerk of the trial court if the notice was timely filed with an acceptable court official, *citing Halfen v. United States*, 324 F.2d 52 (10th Cir.1963) [pro se appellant's notice of appeal mailed to and received by trial judge within time limits for filing notice of appeal held sufficient] and *Richey v. Wilkins*, 335 F.2d 1 (2nd Cir. 1964) [pro se prisoner's notice of appeal filed in court of appeals held sufficient]. *See Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) [citing *Halfen* for the proposition that Rules 3 and 4, F.R.App.P., do not compel the conclusion that, in all cases, receipt by the clerk of the trial court is the moment of filing a notice of appeal and holding that a pro se prisoner's notice of appeal is deemed filed at moment of delivery to prison authorities for forwarding to the District Court]. *See also* 9 Moore's Federal Practice ¶ 203.09 (1992). In this case, Halbom's notice of appeal was "received" by the trial judge on May 20, 1992. The trial judge's receipt of the notice of appeal within ten days of the May 11, 1992 judgment revoking Halbom's suspended sentence is sufficient to confer appellate jurisdiction, and Halbom's appeal is timely.

■ In his appellate brief, Halbom states that he was initially stopped in Nebraska for speeding and that an "N.C.I.C. check" on his driver's license disclosed a warrant which stated "FUGITIVE FROM JUSTICE, FRAUD, CONFIDENCE GAME." He asserts that he was never charged with "fraud" in North Dakota, or in any other state, and argues that he was illegally extradited and incarcerated because he was arrested in Nebraska under a "fraudulent charge."

The State's petition to revoke Halbom's probation alleged that he had failed to make restitution as required by his guilty plea to the theft of property charge, and the court's order to apprehend him indicated that he had violated the conditions of his probation for the theft of property conviction. Section 12.1–23–01(1), N.D.C.C., provides that our current theft offenses have been consolidated to include "the separate offenses heretofore known as larceny, stealing, purloining, embezzlement, obtaining money or property by false pretenses, extortion, blackmail, fraudulent conversion, receiving stolen property, misappropriation of public funds, swindling, and the like." Our theft of property laws are broadly defined to include a wide variety of conduct in which a person bilks another of his property [*State v. Bastien*, 436 N.W.2d 229 (N.D.1989)], and incorporate conduct like false pretenses, confidence games, fraud, "and the like."

Halbom does not dispute that he was legally stopped in Nebraska for speeding and that he had failed to make restitution as required by his suspended sentence for theft of property. At the time that Halbom was taken into custody, the Rolette County Court had issued an order to apprehend him for violating the conditions of his suspended sentence for theft of property. Assuming that the "N.C.I.C. check" disclosed a warrant which said, in part, "fraud," Halbom has cited no authority for his argument that the inclusion of that language invalidates his arrest and the subsequent extradition.

■ Moreover, Halbom's arrest in Nebraska occurred before the Nebraska governor's warrant for extradition was issued. Generally, once a governor's warrant is

served, issues regarding a previous arrest and detention become moot and do not affect the validity of extradition proceedings. *Evans v. Simonet,* 699 P.2d 1337 (Colo. 1985); *Cota v. Benson,* 239 Ga. 695, 238 S.E.2d 332 (1977); *People v. Bennett,* 32 Ill.App.3d 365, 336 N.E.2d 537 (1975); *Bell v. Janing,* 188 Neb. 690, 199 N.W.2d 24 (1972); *Commonwealth ex rel. Lattimore v. Gedney,* 240 Pa.Super. 226, 363 A.2d 786 (1976); *see* 31A Am.Jur.2d, *Extradition* § 64 (1989). Halbom's argument about being arrested under a "fraudulent charge" is meritless.

■ .During oral argument to this court, Halbom also essentially asserted that he did not receive a hearing when the court revoked his suspended sentence.

Rule 32(f)(2), N.D.R.Crim.P., governs the procedure for a hearing for revocation of a suspended sentence and provides:

"*(f) Revocation of Probation Where the Court Retains Jurisdiction Under the Law.*

    \*     \*     \*     \*     \*     \*

"*(2) Hearing.* The hearing shall be in open court with:

    "(i) The probationer present,

    "(ii) A prior written notice of the alleged violation given to the probationer, and

    "(iii) Representation by retained or appointed counsel unless waived.

"If the violation is contested, the prosecution shall establish the violation by a preponderance of the evidence. Upon the hearing, the court, subject to limitations imposed by law, may revoke an order suspending a sentence or an order suspending the imposition of sentence, or continue probation on the same or different conditions, as the circumstances warrant. A record of the proceedings must be made in such manner that it can be transcribed as needed."

At the revocation hearing, the court informed Halbom about his right to court-appointed counsel and the right to have the State prove by a preponderance of the evidence that he violated the terms of his probation. Halbom responded that he did not need a lawyer and did not want a hearing. Although Halbom makes a distinction that, at one point, he "plead no contest" rather than "guilty" as reflected by the judgment revoking his suspended sentence, he admitted that he had failed to make restitution as required by his suspended sentence. Under Rule 32(f)(2), N.D.R.Crim.P., Halbom did not contest the violation of the conditions of his suspended sentence. Halbom admitted the violation and indicated that he did not want a hearing or court-appointed counsel. Halbom waived his right to require the State to prove the violation by a preponderance of the evidence, and he cannot now argue that he was deprived of a hearing.

The judgment revoking Halbom's suspended sentence is affirmed.

VERNON R. PEDERSON, Chief Judge, Surrogate Judge, and JAMES H. O'KEEFE and MAURICE R. HUNKE, District Judges, concur.