THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ALMA McLEMORE, Defendant-Appellant.

Fifth District   No. 5—88—0494

Opinion filed October 9, 1990.

Daniel M. Kirwan and Michelle A. Zalisko, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Don Sheafor, State's Attorney, of Vandalia (Kenneth R. Boyle, Stephen E. Norris, and Raymond F. Buckley, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE CHAPMAN delivered the opinion of the court:

Alma McLemore was convicted by a jury of failing to report to a penal institution and possession of a controlled substance with the intent to deliver. The trial court granted her motion for a new trial on the first charge. The State subsequently moved to nol-pros that

charge, and the court allowed the motion on September 2, 1988. Defendant was fined $330 and was sentenced to 12 years in the Department of Corrections on the possession with intent to deliver with the sentence to be served consecutively to the sentence she was already serving.

Defendant raises five issues on appeal:

1. Whether the State failed to prove the defendant guilty beyond a reasonable doubt of possession of a controlled substance with the intent to deliver, because it failed to prove that defendant knew the substance was cocaine or that she had the intent to deliver.

2. Whether the defendant was denied the effective assistance of counsel when trial counsel failed to move to sever the charges, did not object to irrelevant evidence, and did not object to the State's improper closing argument.

3. Whether a sentence of 12 years' incarceration is excessive since it fails to reflect the defendant's drug and alcohol abuse problems, and no proper aggravating factors support the sentence.

4. Whether the street value fine must be vacated because the evidence was insufficient to establish the value of the substance in question in this case.

5. Whether the defendant is entitled to credit of 146 days against her sentence for time spent in custody while awaiting trial.

In view of the trial court's disposition of the failure to report charge, the evidence relating to it will be discussed only briefly, but a more complete recitation of the evidence on the second charge is necessary since the defendant claims the State failed to prove her guilt beyond a reasonable doubt.

Shortly after noon on February 17, 1988, Trooper David Crackle stopped a car containing the defendant and three young males on Interstate Highway 57 at approximately milepost 134, which is near Farina in Fayette County. Trooper Crackle stopped the car because of a radio dispatch he had received concerning the defendant's failure to appear at a penal institution. After backup officers arrived, the defendant was arrested and handcuffed. Trooper Marla Sapp conducted a pat-down search of the defendant during which the defendant leaned over the hood of the squad car. Four or five $100 bills were found on defendant during this search. The defendant testified that she leaned over the car during the search because she was hyperventilating due to an angina problem and that Trooper Sapp told her

it was all right to do so. Trooper Sapp denied that she gave the defendant permission to lean over the car and testified that she had instead told the defendant to stand up so that she could be searched. After the search the defendant requested permission to lie on the ground and this was granted. She lay on the ground on her left side for approximately 10 or 15 minutes and was then placed in the police car. While sitting in the police car the defendant asked the troopers to check her handcuffs because they were too tight. While Trooper Sapp was checking the handcuffs, she found a Newport cigarette box with no top in the left front pocket of the defendant's bluejean vest. Trooper Sapp examined the cigarette box and found 15 packets containing a white substance. The packets were subsequently analyzed and found to contain a total of 3.3 grams (approximately one-eighth ounce) of cocaine. Defendant testified that she smoked Kool cigarettes and that one of the other occupants of the car, Darrell Williamson, had given her the Newport box during the trip. She also stated that she had placed the Newport box in her vest pocket without looking at it and she had no knowledge that it contained cocaine.

Vergil Derrick Carson, another occupant of the car, testified that he had seen Darrell Williamson with a Newport cigarette pack before they started their trip although he did not actually see Williamson give the Newport box to defendant.

■■ The defendant first argues that the State failed to prove her guilty beyond a reasonable doubt of either possession of cocaine or of possession with the intent to deliver the cocaine. We have examined the record and find that the evidence supports the jury's finding of guilt of possession, but we further find that the State failed to prove intent to deliver. The evidence established that the defendant had 3.3 grams of cocaine on her person, which establishes possession. (*People v. Hester* (1980), 87 Ill. App. 3d 50, 409 N.E.2d 106.) While defendant denied any knowledge that there was cocaine in the Newport box, the jury was not required to accept her testimony. (*People v. Lahori* (1973), 13 Ill. App. 3d 572, 300 N.E.2d 761.) Knowledge regarding possession may be proved by circumstantial evidence. (*People v. McNeely* (1981), 99 Ill. App. 3d 1021, 426 N.E.2d 296.) Circumstantial evidence of knowledge was presented by the witnesses who testified that defendant leaned over the squad car during the pat-down search and lay down on her left side (the cocaine was in her left vest pocket) following the search. This testimony when coupled with the fact that defendant carried cocaine on her person in an open Newport cigarette box is sufficient to meet the State's burden of proof on possession.

With regard to the attempt to deliver, however, the only "evi-

dence" was supplied by the prosecutor during his closing argument: "Fifteen packets is a little more than is used for a personal consumption.

* * *

It's too much for personal consumption from the period that she says she has to turn herself back in at 6 o'clock, she can't consume 15 packets of cocaine in that short a time in a six hour period and on the other hand she knew she was going to jail, she's not going to take it into jail with her so she is going to be giving it to somebody. She possessed that with the intent to deliver that to somebody."

■ We have examined this record, and there is no evidence to support the statement that the amount was greater than would be used for personal consumption. The State argues that the fact that there were 15 individually wrapped packages and that the defendant had either four or five $100 bills on her person would allow an inference of intent to deliver to be drawn, citing *People v. Tovar* (1988), 169 Ill. App. 3d 986, 523 N.E.2d 1178, and *People v. Munoz* (1982), 103 Ill. App. 3d 1080, 432 N.E.2d 370. We point out that the amounts of illegal substances and cash involved in both of those cases were significantly greater than are involved here. Our own nonexhaustive review of other cases in Illinois reveals that all of them involved significantly greater amounts of either drugs, cash, guns or other paraphernalia. *People v. Marshall* (1988), 165 Ill. App. 3d 968, 521 N.E.2d 538 (13.88 grams of cocaine, various types of drug paraphernalia, a gun, other drugs, and $600); *People v. Chrisos* (1986), 151 Ill. App. 3d 142, 502 N.E.2d 1158 (90 grams of cocaine, other drugs and $4,650 in cash); *People v. Knight* (1985), 133 Ill. App. 3d 248, 478 N.E.2d 1082 (364 grams of cannabis and 638 grams of PCP); *People v. Hunter* (1984), 124 Ill. App. 3d 516, 464 N.E.2d 659 (350 pills located in the trunk of the car and scattered on the front seat of the car, $90 in cash, and the police had seen known drug users approach the car and exchanges take place); *People v. Stamps* (1982), 108 Ill. App. 3d 280, 438 N.E.2d 1282 (350 grams of cocaine, other drugs and several guns); *People v. Atencia* (1983), 113 Ill. App. 3d 247, 446 N.E.2d 1243 (over 3,906 grams of cocaine and $26,900 in cash); *People v. Romero* (1989), 189 Ill. App. 3d 749, 546 N.E.2d 7 (36.9 grams of cocaine, some marijuana, $2,900 in cash and chemicals used to cut or adulterate cocaine); *People v. Friend* (1988), 177 Ill. App. 3d 1002, 533 N.E.2d 409 (69.5 grams of cocaine, 333.2 grams of cannabis and $2,480 in cash); *People v. Schaefer* (1985), 133 Ill. App. 3d 697, 479 N.E.2d 428 (21.9 grams of cocaine, 578.8 grams of cannabis, several

guns and various types of drug paraphernalia); *People v. Kline* (1976), 41 Ill. App. 3d 261, 354 N.E.2d 46 (4.55 grams of cocaine, 13.74 grams of LSD, 6,443.33 grams of marijuana, rollers for 3,200 joints and $5,650 in cash).

This court has no knowledge of what amount of cocaine might be consumed for personal use during the approximately six-hour interval arguably involved in this case. It may be that 3.3 grams are considerably more than could have been consumed by defendant during that interval, and if the State had introduced evidence to that effect, then the conviction could be affirmed, but the State did not.

The U.S. Supreme Court has discussed this issue in a slightly different context and stated:

"Would the jury automatically and unequivocally know that Turner was distributing cocaine simply from the fact that he had 14.68 grams of a cocaine and sugar mixture? True, his possession of heroin proved he was dealing in drugs, but having a small quantity of a cocaine and sugar mixture is itself consistent with Turner's possessing the cocaine not for sale but exclusively for his personal use." *Turner v. United States* (1970), 396 U.S. 398, 423, 24 L. Ed. 2d 610, 627, 90 S. Ct. 642, 655-56.

We therefore reverse the conviction for possession with intent to deliver, and pursuant to our authority under Supreme Court Rule 615(b) (107 Ill. 2d R. 615(b)), we reduce the degree of the offense, enter judgment for the lesser offense of possession of a controlled substance (cocaine), and remand for a new sentencing on the conviction for possession of cocaine. While we have reversed the conviction on possession with intent to deliver, it is still necessary for us to discuss other issues raised by the defendant.

The defendant's claim of ineffective assistance of counsel is based on trial counsel's failure to request a severance of the charges, failure to object to irrelevant evidence, and failure to object during the State's closing argument.

In order to prevail on the claim of ineffective assistance of counsel the defendant must show both that counsel's representation fell below an objective standpoint of reasonableness and that there was a reasonable probability that the result would have been different if the motion to sever had been filed. (*Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052.) The granting of a severance is a matter addressed to the sound discretion of the trial court. (*People v. Marbley* (1975), 34 Ill. App. 3d 434, 340 N.E.2d 247.) The joinder of the charges was reasonable since the testimony of the arresting officers was applicable to both defenses and to require

an additional trial would have been judicially inefficient. While it would have been an easy matter for counsel to have filed a motion for severance, the defendant has not established that there was any reasonable probability that the result would have been different under the circumstances of this case.

■ The allegedly irrelevant evidence which was not objected to by trial counsel consisted of references to the $100 bills found on the defendant and the cross-examination of Carson about his given name. We have examined the record and conclude that the evidence of the cash was properly admitted (*People v. Tovar* (1988), 169 Ill. App. 3d 906, 523 N.E.2d 1178), and that the cross-examination of Carson was not unwarranted under the circumstances. Therefore, the defendant's contention of ineffective assistance of counsel on this basis is unpersuasive.

The defendant's final contention of ineffective assistance is based on the counsel's failure to object to the closing argument of the prosecutor which is set forth earlier in this opinion. The failure to object to the unsupported argument is more troublesome, but we need not further discuss this isolated failure in view of our decision on the lack of proof with intent to deliver.

Defendant's next claim of error is that the 12-year sentence was excessive. In view of the fact that we remand for resentencing based on the failure of the State to establish intent to deliver, this issue is moot.

With regard to the defendant's argument that the evidence with regard to the street value of the cocaine was insufficient, we find that this issue was waived by the defendant's failure to object at trial. *People v. Carraro* (1979), 77 Ill. 2d 75, 394 N.E.2d 1194.

■ The defendant's last contention is that she is entitled to 146 days' credit against her sentence for the period from February 17, 1988 (date of arrest on this offense), to August 11, 1988 (date of sentencing on this offense), relying upon *People v. Higgerson* (1987), 157 Ill. App. 3d 564, 510 N.E.2d 574. The State requests that we overrule *Higgerson*. We find *Higgerson* distinguishable under the facts of this case. First, two different counties were involved. (*People v. Wiseman* (1990), 195 Ill. App. 3d 1062, 553 N.E.2d 46.) Second, this case involves the imposition of a consecutive sentence. (*People v. Krankel* (1985), 131 Ill. App. 3d 887, 476 N.E.2d 777; *People v. Bradney* (1988), 170 Ill. App. 3d 839, 525 N.E.2d 112.) We find that defendant is not entitled to credit for time served in the Department of Corrections for the 146 days claimed.

The defendant's conviction for possession with intent to deliver is

reversed, the degree of the offense is reduced, judgment is entered for the offense of possession of a controlled substance (cocaine), and this cause is remanded to the trial court for sentencing on the defendant's conviction of possession of cocaine. Supreme Court Rule 615(b)(3) (107 Ill. 2d R. 615(b)(3)); *People v. Jackson* (1989), 181 Ill. App. 3d 1048, 537 N.E.2d 1054.

Reversed, reduced and remanded with directions.

RARICK and GOLDENHERSH, JJ., concur.