THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSEPH PATTERSON, Defendant-Appellant.

Fifth District   No. 5—91—0881

Opinion filed June 2, 1993.

Daniel M. Kirwan and Dan W. Evers, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

William Haine, State's Attorney, of Edwardsville (Norbert J. Goetten, Stephen E. Norris, and Scott A. Manuel, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LEWIS delivered the opinion of the court:

Defendant, Joseph Patterson, was found guilty by a jury of four counts of aggravated criminal sexual assault and was sentenced to four consecutive terms of 20 years' imprisonment. Defendant appeals from his convictions, raising the single issue of whether the trial court erred in denying his motion to sever the two counts of the indictment referring to one victim from the other two counts of the indictment referring to the other victim. For reasons more fully explained below, we affirm the trial court's denial of defendant's motion to sever the charges.

Defendant was charged with two counts of aggravated criminal sexual assault against his son and two against his daughter. In summary, the evidence at trial established that, for at least three years, defendant had regularly and frequently sexually assaulted both children from the time each reached approximately age five, the offenses always occurred in the family home outside the presence of the mother, and defendant threatened both children with physical harm if they did not comply.

A defendant may be tried on more than one charge in the same trial if the offenses could have been joined in a single charge (Ill. Rev. Stat. 1991, ch. 38, par. 114—7 (now see 725 ILCS 5/114—7 (West 1992))), and the charges may be joined if the offenses are based on two or more acts which are part of the same comprehensive transaction (Ill. Rev. Stat. 1991, ch. 38, par. 111—4(a) (now see 725 ILCS 5/111—4(a) (West 1992))), unless it appears that the defendant will be prejudiced by the joinder of separate charges (Ill. Rev. Stat. 1991, ch. 38, par. 114—8 (now see 725 ILCS 5/114—8 (West 1992))). If the trial judge determines, in his sound discretion, that the joinder will prejudice the defendant, he can order separate trials or provide any other relief justice requires. (Ill. Rev. Stat. 1991, ch. 38, par. 114—8 (now see 725 ILCS 5/114—8 (West 1992)); *People v. White* (1984), 129 Ill.

App. 3d 308, 472 N.E.2d 553.) The trial court is entitled to substantial discretion when deciding whether to sever charges, and that discretion is to be exercised so as to prevent injustice. *People v. White* (1984), 129 Ill. App. 3d 308, 472 N.E.2d 553.

■ When a trial judge grants or denies a motion to sever, that decision is not to be overturned absent an abuse of discretion. (*People v. McLemore* (1990), 203 Ill. App. 3d 1052, 561 N.E.2d 465.) When considering a motion to sever charges, the court should look to several factors to determine if the acts charged are part of the "same comprehensive transaction." (Ill. Rev. Stat. 1991, ch. 38, par. 111—4(a) (now see 725 ILCS 5/111—4(a) (West 1992)).) The factors to be considered are: proximity in time and location, the identity of evidence needed to demonstrate a link between the offenses and to establish the elements of the offenses, and whether there exists a common method of perpetrating the offenses. (*People v. Duncan* (1987), 115 Ill. 2d 429, 505 N.E.2d 307, *vacated on other grounds* (1987), 484 U.S. 806, 98 L. Ed. 2d 18, 108 S. Ct. 53 (memorandum), *decision on remand* (1988), 124 Ill. 2d 400, 530 N.E.2d 423.) The trial judge should also consider whether the defendant is in a similar position of authority in relation to each victim (*People v. White* (1984), 129 Ill. App. 3d 308, 472 N.E.2d 553), whether the victims are similar (*People v. Trail* (1990), 197 Ill. App. 3d 742, 555 N.E.2d 68), and whether the severance will promote judicial efficiency (*People v. McLemore* (1990), 203 Ill. App. 3d 1052, 561 N.E.2d 465). Because the decision is left to the trial judge's sound discretion and because there are so many factors for the court to consider, the decision to sever or not turns on the facts of each particular case. *People v. White* (1984), 129 Ill. App. 3d 308, 472 N.E.2d 553.

■ Defendant first argues that the decision not to sever the charges herein was an abuse of the trial court's discretion because the acts against the son were not part of the same comprehensive transaction as the acts against the daughter. We note that all of the acts alleged by the State occurred within the same time period and in the same location. Although some of the assaults on the son occurred prior to the assaults on the daughter, defendant regularly and frequently assaulted both children in the family home between October 1986 and October 1989. Thus, the charges were connected in time and place. Second, the evidence necessary to establish the elements of each charge was essentially one and the same although the assaults were directed at two different children. Third, the evidence established a common method in perpetrating the offenses: defendant waited until the children's mother was out of the home; although the

children were not assaulted at the same time, they were each told that they were going to play a "game" and were shown sexually explicit magazines or videos during at least some of the assaults; the assaults occurred regularly and frequently against each child; and defendant threatened each child with physical punishment or death if he or she did not comply with his demands. Fourth, defendant used his position of authority to create an atmosphere of fear in the home such that both children were afraid of the physical punishment they would receive from defendant if they did not comply with his demands. Fifth, the victims are similar. Each child was around five years of age when the assaults started, and defendant was the father of and lived in the same home as the children during each assault.

Finally, trying the charges together promoted judicial efficiency. We acknowledge that the question of promoting judicial efficiency cannot be the only or main factor in a trial judge's decision not to sever charges, because the question is present each time a severance is requested. However, where the victims of a heinous crime such as this are young children who must testify in a court of law in order to convict the defendant, then the issue becomes more significant. While we do not encourage the trial court to go beyond the relevant factors as outlined by case law, a judge can and should understand that, when a child comes to a courthouse to testify openly against someone who has violated him or her sexually, this experience can be very traumatic for the child, especially where the perpetrator is someone that the child should have been able to love and trust. The child victim could be called to testify not only in his or her own case but also in the sibling's case, as we will discuss later. Therefore, we feel that where the other factors in a case establish that the acts charged are part of the same comprehensive transaction, a trial court can legitimately consider whether the trauma of requiring a child to testify more than once is justified when balanced against the possibility of prejudice to the defendant. See *Maryland v. Craig* (1990), 497 U.S. 836, 111 L. Ed. 2d 666, 110 S. Ct. 3157 (wherein the Supreme Court held that a State's interest in the well-being of child-abuse victims may be sufficiently important, at least in some cases, to outweigh a defendant's right to confront the child accuser face to face in the trial).

Based upon our assessment of all of the relevant factors, and in light of the evidence presented at trial, we agree with the trial court that the offenses charged in this case were part of the same comprehensive transaction. Therefore, the trial court did not abuse its discretion in denying defendant's motion to sever.

■ Defendant also argues that the judge erred on another basis. He claims that if the cases had been tried separately, the evidence concerning the daughter would not be admissible in the trial for the charges relating to the son, and vice versa. Defendant argues that the prejudice from the admission of evidence concerning crimes other than that charged is well established, and to that extent, defendant is correct. (*People v. Lindgren* (1980), 79 Ill. 2d 129, 402 N.E.2d 238.) However, it is equally well established that, although evidence of other crimes is inadmissible if relevant only to show the defendant's propensity to commit crime, such evidence is admissible if relevant to prove something other than propensity to commit crime, such as *modus operandi*, intent, identity, motive, or absence of mistake. *People v. Brown* (1991), 214 Ill. App. 3d 836, 574 N.E.2d 190.

Defendant's contention is without merit. Defendant bases this argument upon *People v. Woltz* (1992), 228 Ill. App. 3d 670, 592 N.E.2d 1182, a case we find to be factually distinguishable and not controlling. In *Woltz*, this court held that the admission of evidence concerning a sexual assault on one girl should not have been allowed in the trial of a charge of sexual assault against another girl, and we reversed on that basis. (*People v. Woltz* (1992), 228 Ill. App. 3d 670, 592 N.E.2d 1182.) There, the two crimes did not share any similarities, except that both girls were young, one under 13 and the other 14 at the time of the assaults. There the similarities stop. The victim of the crime charged in *Woltz* was walking on a public road with defendant when he put his hands down her pants, inserted his fingers into her vagina, and fondled her breast. The other victim testified that when she was visiting the defendant's home, he came up behind her, grabbed her, and dragged her into his son's room, where he threw her onto the floor and raped her. Additionally, the other victim was noticeably pregnant at the time of trial, and the father of the baby was not identified, although the timing of the attack on the other victim could have led the jury to believe the defendant was the father, thereby unduly prejudicing him. In finding that there was no proper purpose for admitting the other-crimes evidence, the court noted: "[W]hen the outcome of a trial depends *entirely* on the credibility of the complainant and the defendant, as here, no error should be permitted to intervene." (Emphasis added.) *Woltz*, 228 Ill. App. 3d at 676, 592 N.E.2d at 1186-87.

We do not find the facts of *Woltz* applicable to the case *sub judice*, in that the facts presented in this case, and previously detailed herein, showed numerous similarities between the assaults committed upon the boy and girl. Rather, as the State points out, the facts of *People v.*

*Trail* (1990), 197 Ill. App. 3d 742, 555 N.E.2d 68, are more applicable to and instructive for this case. In *Trail*, the court upheld the trial court's denial of the defendant's motion to sever one charge of criminal sexual assault against one of the defendant's stepdaughters from the same charge relating to the other stepdaughter. There, the court acknowledged that no precise criteria exist for determining whether severance of charges should be granted, but the court went on to base its decision upon a consideration of the relevant factors as set forth in other cases. In *Trail*, as in this case, both victims lived in the same household at the time of the assaults, the time periods of the attacks were closely related, and the victims were related to the defendant in the same way (stepdaughters). Based upon these similarities, the court in *Trail* held that the evidence pertaining to one sexual assault count would have been admissible as other-crimes evidence for the other count on at least the basis of similar *modus operandi*, and the court concluded that the trial court did not abuse its discretion in trying the offenses together. *Trail*, 197 Ill. App. 3d at 746, 555 N.E.2d at 71.

The court in *Trail* went on to note that the potential prejudice to a defendant is lessened if the other-crimes evidence would be admissible in separate trials, and the court reasoned that, if the other crimes evidence would be admissible anyway, then that is a significant, although not determinative, factor in deciding whether or not to sever charges. (*Trail*, 197 Ill. App. 3d at 746, 555 N.E.2d at 71.) The defendant in this case could not have been prejudiced by not having separate trials, if the evidence in one trial merely duplicated the evidence in the second.

Finally, the evidence against the defendant was so overwhelming that even if he had been granted separate trials, there is nothing to suggest that the results would have been different. (*People v. Smith* (1991), 222 Ill. App. 3d 473, 584 N.E.2d 211.) Defendant does not claim that the evidence is insufficient to support his convictions. Thus, even if we were to assume that the trial court erred in not granting the severance, the error would be harmless.

For all the reasons stated herein, the judgment of the circuit court of Madison County is affirmed.

Affirmed.

WELCH and RARICK, JJ., concur.