**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0501n.06
Filed: July 17, 2006

No. 04-6190

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,

      **Plaintiff-Appellee,**              **ON APPEAL** FROM THE
                                          UNITED STATES DISTRICT
                                          COURT FOR THE WESTERN
                                          DISTRICT OF TENNESSEE,

v.                                         **OPINION**

SHELDON O. KINGSLEY,

      **Defendant-Appellant.**

_____

**Before: CLAY and COOK Circuit Judges; and RICE,**[*] **Senior District Judge.**

    **WALTER HERBERT RICE, District Judge.** Defendant/Appellant Sheldon O.

Kingsley ("Kingsley") was charged with and plead guilty to being a felon in possession of

a firearm, in violation of 18 U.S.C. § 922(g). The district court sentenced him under the

Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), to the statutory minimum, 15-

_____

    [*]The Honorable Walter H. Rice, Senior United States District Judge for the
Southern District of Ohio, sitting by designation.

year term of incarceration. Kingsley now appeals, arguing that the district court erred in sentencing under the ACCA. We disagree and affirm the judgment of the district court.

## I. Factual Background

Kingsley was charged in a one-count indictment with being a felon in possession of a firearm in violation of § 922(g). On June 10, 2004, he entered a guilty plea to that charge, and the matter was then referred to the United States Probation Department for a pre-sentence investigation report. In that document, the probation officer recommended that Kingsley be sentenced in accordance with the ACCA and § 4B1.4 of the United States Sentencing Guidelines. The probation officer based that recommendation, inter alia, on the conclusion that Kingsley had committed three predicate offenses under the ACCA, to wit: one count of armed robbery in Lee County, Florida, on February 13, 1984; one count of delivery of a controlled substance in Will County, Illinois, on October 20, 1988; and another count of delivery of a controlled substance in Will County, Illinois, on October 28, 1988. Kingsley objected to that recommendation, arguing that the two counts of delivery of a controlled substance in Will County, Illinois, were not committed on occasions different from one another and that, therefore, they constituted only one predicate offense under the ACCA. The district court conducted a sentencing hearing over two days and rejected Kingsley's objection, concluding that the two offenses were committed on occasions different from one another. The district court then sentenced Kingsley to a 180-month term of incarceration, the minimum sentence under the ACCA.

## II. Analysis

Before this court, Kingsley argues that the district court erred in sentencing under the ACCA, which provides in pertinent part:

> (e)(1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1). In support of his basic premise that the district court erroneously sentenced him under the ACCA, Kingsley presents two separate propositions, arguing in the alternative that he did not commit the two offenses of delivery of a controlled substance in Will County, Illinois, on occasions separate from one another; and that the issue of whether he had the requisite three prior convictions under the ACCA are elements of his offense that had to be admitted by him or found by a jury, neither of which had occurred in his prosecution. As a means of analysis, we address those two propositions in the above order.

### A. Offenses Committed on Occasions Separate from One Another

The district court concluded that two of the three predicate offenses necessary to sentence Kingsley under the ACCA were the two counts of delivery of a controlled substance in Will County, Illinois. Those two offenses occurred, respectively, on

October 20 and 28, 1988.[1] Although Kingsley does not contest that those offenses were serious drug offenses, he does argue that they were not committed on occasions different from one another and that, therefore, they do not constitute separate predicate offenses under the ACCA. "Since determining whether the conduct was a single occasion or multiple occasions presents a legal question concerning the interpretation of a statute, we review the district court's decision *de novo*." *United States v. Thomas*, 211 F.3d 316, 319 (6th Cir. 2000) (internal quotation marks and citation omitted).

Only eight days separated Kingsley's commission of the two counts of delivery of a controlled substance. In *United States v. Roach*, 958 F.2d 679 (6th Cir.), *cert. denied,* 506 U.S. 845 (1992), this court decided that drug trafficking offenses perpetrated in close temporal proximity, separated by only a matter of days, were committed on occasions different from one another. Therein, the District Court concluded that Roach had four predicate convictions under the ACCA, three of which were serious drug offenses committed 15 days apart. *Id.* at 682-83. Roach argued that these three offenses did not qualify as predicate offenses under the ACCA, given their temporal proximity. The *Roach* court rejected that contention, concluding that, as long as the offenses are committed on occasions different from one another, they constituted separate predicate offenses under the ACCA. *Id.* at 684. Other circuits have reached the same conclusion under similar factual circumstances. *See e.g. United States v. Johnson*, 130 F.3d 1420, 1430-31 (10th Cir. 1997) (prior convictions for drug trafficking

---

[1]The district court concluded that the third predicate offense, necessary to sentence Kingsley under the ACCA, was his conviction for armed robbery in Lee County, Florida, in February, 1984. Kingsley does not challenge that this conviction constitutes a predicate conviction under that statute.

offenses that occurred three days apart were committed on occasions different from one another under the ACCA), *cert. denied*, 525 U.S. 829 (1998); *United States v. Maxey*, 989 F.2d 303, 306-07 (9th Cir. 1993) (two sales of PCP-laced cigarettes occurring within 24 days of each other were separate predicate convictions under the ACCA); *United States v. Kelley*, 981 F.2d 1464, 1473-74 (5th Cir.) (two deliveries of cocaine two weeks apart in different counties were separate offenses for purposes of the ACCA), *cert. denied*, 508 U.S. 944 (1993); *United States v. Samuels*, 970 F.2d 1312, 1315 (4th Cir. 1992) (two drug offenses one day apart were committed on occasions different from one another under the ACCA); *United States v. McDile*, 914 F.2d 1059, 1061-62 (8th Cir. 1990) (sales of drugs on September 15, November 15, 17, and 23, 1983, were separate offenses for purposes of the ACCA), *cert. denied*, 498 U.S. 1100 (1991); *see also United States v. Hill*, 440 F.3d 292 (6th Cir. 2006) (two burglaries occurring immediately after each other, at properties located across the street from one another, were committed on occasions different from one another under the ACCA).

Seemingly, the foregoing authority supports the decision of the district court herein that the two counts of delivery of a controlled substance were committed on occasions different from one another and, thus, constitute separate predicate offenses under the ACCA. Kingsley, however, contends that those two counts were not committed on occasions different from one another, because the state trial judge in Will County, Illinois, ordered that the counts be joined. According to Kingsley, the district court violated principles of comity by concluding that the offenses had been committed on occasions different from one another, after the state trial court had ordered their

- 5 -

joinder, because the district court decided essentially the same issue the state trial court had been called upon to resolve when ordering joinder. We cannot agree.[2]

The Order of Joinder issued by the state trial court provides, in pertinent part:

> These matters came on for hearing on the motion of the People of the State of Illinois, for Joinder of Prosecution. ... The court being fully adduced and appraised in the premises, DOTH FIND:
> 1) That the offenses before this court are factually related in time, location, and identity of evidence;
> 2) That offenses which form the basis of the charges before this court, arise out of, and are a part of the same comprehensive transaction.

(J.A. at 16). The state court ordered joinder in Kingsley's state court prosecution, in accordance with 725 Ill. Comp. Stat. 5/111-4(a), which provides:[3]

> § 111-4. Joinder of offenses and defendants.
> (a) Two or more offenses may be charged in the same indictment, information or complaint in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are based on the same act or on 2 or more acts which are part of the same comprehensive transaction.

In *People v. Willer*, 281 Ill. App.3d 939, 667 N.E.2d 708 (1996), the court explained when joinder was proper under that statutory provision:

---

[2]For purpose of computing an offender's criminal history score, in accordance with § 4A1.1 of the United States Sentencing Guidelines, § 4A1.2(a)(2) provides that sentences in related cases are not to be counted separately. Application Note 3 to the latter section of the Sentencing Guidelines provides that cases consolidated for trial or for sentencing are considered to be related cases, as long as they are not separated by an arrest. Herein, we must decide whether the district court erred in concluding that the two drug offenses occurring in Will County were committed on occasions different from one another, as that phrase is used in the ACCA, rather than whether Kingsley's criminal history score was correctly computed in accordance with §§ 4A1.1 and 4A1.2 of the Sentencing Guidelines. Therefore, the Order of Joinder, in and of itself, does not mandate the conclusion that the district court erred in that regard.

[3]In the Order of Joinder, the Illinois state court also cited 725 Ill. Comp. Stat. 5/114-7, which authorizes the joinder of two or more charges, if they could have been joined in a single charge.

No precise test exists for determining whether separate offenses are part of the same comprehensive transaction. *People v. White*, 129 Ill. App.3d 308, 315, 84 Ill. Dec. 593, 472 N.E.2d 553 (1984). However, Illinois courts typically consider several factors when making such a determination, including: the proximity in time and location of the offenses; the identity of evidence needed to demonstrate a link between the offenses; whether there exists a common method of perpetrating the offenses; whether the defendant is in a similar position of authority in relation to each victim; whether the victims are similar; and whether the severance will promote judicial efficiency. See [*People v. Patterson*, 245 Ill. App.3d 586, 588, 185 Ill. Dec. 716, 615 N.E.2d 11 (1993)]; *People v. McLemore*, 203 Ill. App.3d 1052, 1057-58, 149 Ill. Dec. 187, 561 N.E.2d 465 (1990); *People v. Trail*, 197 Ill. App.3d 742, 746, 144 Ill. Dec. 171, 555 N.E.2d 68 (1990).

*Id.* at 951, 667 N.E.2d at 716-17; *see also People v. Quiroz*, 257 Ill. App.3d 576, 586, 628 N.E.2d 542, 549 (1993) (noting that "[t]he most important factors in deciding whether offenses are part of a comprehensive transaction [are] whether they are proximate in time and location and whether there is an identity of evidence between the offenses").

Decidedly missing from the analytical framework adopted by the Illinois courts to resolve the question of whether offenses are part of a comprehensive transaction is any consideration of the question of whether the charges in question would constitute offenses committed on occasions different from one another, as that phrase is used in the ACCA. In other words, when deciding whether two prior offenses in Will County had been committed on occasions different from one another, the district court did not address the same question that the state trial court had resolved when ordering that those offenses be joined. Therefore, principles of comity were not violated, even assuming for the sake of argument that such a violation would have occurred if the district court and the state trial court had been required to decide the same question.

Accordingly, we reject Kingsley's assertion that he did not commit the two counts of delivery of a controlled substance in Will County, Illinois, that occurred on October 20 and 28, 1988, on occasions different from one another.

## B.  Prior Convictions as Elements of the Offense

In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490.  That holding was reaffirmed by the Court in *United States v. Booker*, 543 U.S. 220, 244 (2005).  Consequently, this court has repeatedly rejected the proposition that questions pertaining to a defendant's predicate offenses under the ACCA must be decided by the jury.  *See United States v. Brown*, 444 F.3d 519, 522 (6th Cir. 2006); *United States v. Barnett*, 398 F.3d 516, 525 (6th Cir. 2005).  Accordingly, we reject Kingsley's assertion that only a jury could decide whether his prior convictions constitute predicate offenses under the ACCA.

## III.  Conclusion

11.    Because Kingsley's prior convictions resulted from offenses committed on occasions different from one another, we **AFFIRM** his sentence.[4]

---

[4]There is, of course, no need to remand this matter for re-sentencing under *Booker*, given that the district court sentenced Kingsley to the statutory minimum.